ROBERT R. POWELL, ESQ. CSB: 159747
DENNIS R. INGOLS, ESQ.   CSB: 236458
LAW OFFICES OF ROBERT R. POWELL
925 West Hedding Street
San José, California  95126
T: 408-553-0200 F: 408-553-0203
E: rpowell@rrpassociates.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San Jose Division)

| | | |
|---|---|---|
| THOMAS VAN ZANDT | ) | Case No.  CV 07 – 04987 JF |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | INITIAL JOINT CASE MANAGEMENT |
| | ) | CONFERENCE STATEMENT |
| CITY OF SAN JOSE, et al., | ) | |
| | ) | Date: January 18th, 2008  Time: 10:30 a.m. |
| Defendants. | ) | Dept. 3   Honorable Judge Jeremy Fogel |
| | ) | |

## INTRODUCTION

All parties jointly submit this Case Management Statement and Proposed Order and request the Court adopt it as its Case Management Order in this case.

## STATUS OF THE MEETING OF THE PARTIES

The parties to this action have completed their meeting, pursuant to Federal Rules of Civil Procedure section 26(f).  Counsel for the parties have engaged in good faith discussions of possible ADR and have requested herein for a referral to a settlement conference with a magistrate judge.

# DESCRIPTION OF THE CASE

**1. A brief description of the events underlying the action:**

**Plaintiff complains that** on November 26, 2006, VAN ZANDT, accompanied by his wife, three minor children and one adult son, went to the Westfield Oakridge Mall. The family divided up to run their own errands and father/plaintiff was left in the custody of his two young sons, one of whom (Judah) has very long hair. He later went to the bathroom with Judah in a "family" style bathroom in Target, and apparently some lady was troubled by noise in the bathroom, and claimed that dad came out, leaving his son in there for a while, and had an "erection." She reported this to someone in Target, and after the father and the boys shopped around another 30 minutes or so, when Mr. Van Zandt went to retrieve his car from valet parking, a security guard from Professional Security Consultants ran up, flung open his door, and yanked him by the arm out of the car and on to the ground in the pouring rain.

As a result, and after some delay in which the security guard (currently a Doe defendant) would not let him get out of the rain, nor tell him exactly what he had been stopped for, Mr. Van Zandt called the San Jose Police Department. Officer/defendants Pfeiffer, Natividad, Weir, and Higgins, responded to the call.

Plaintiff contends the officers were initially rude and dismissive of his complaints, frisked him and put him in the police car when he complained about standing in the rain, and then when he was in the car, went to his vehicle and searched it without permission. He contends the officers then threatened him with arrest when he refused to answer their further questioning after they understood that someone had made an inaccurate report, at best.

**Defendants City of San Jose and the officer/Defendants contend that** on the day in question San Jose Police were initially called by the Defendant Security Consultants who

worked at the mall and then were subsequently contacted by the Plaintiff himself, both requesting that the police respond to the scene. The initial call from Security Consultants indicated a possible child molestation with the location of the child remaining unknown. Upon arrival some officers went into the mall to speak with the witnesses while others spoke with the security personnel who were detaining the Plaintiff.

The San Jose officers then attempted to speak with Plaintiff, who was initially uncooperative. Not knowing where the child was the police, in light of the exigency, searched Plaintiff's car looking for any indication of a child's location, the child's identity, or anything else which would help them in locating the young person.

The San Jose Police then heard that the young person had been located and was actually a boy. The initial reports from the witness and the security personnel had indicated the child was female. The gender of the child meant nothing in terms of the potential molest reported by the witness. The child and mother were then questioned. Following this, the officers were satisfied a crime had not been committed and Plaintiff was released from detention.

The Plaintiff was never arrested for a crime. He was not physically harmed in any way by the San Jose Police. He was placed in the police car essentially at his request because he was complaining about the lack of shelter from the rain.

**2.    The principal factual issues which the parties dispute:**

    a.    The nature and circumstances surrounding the actual events at the bathroom in Target, and the truth, falsity, or reckless disregard in making the report to police given by two yet unknown women with the first names of Sherry and/or Samantha, with regard to those events.

    b.     The nature and circumstances surrounding the conduct of the defendant/employees of Professional Security Consultants and their removal of plaintiff from his car and detention of plaintiff in the parking lot.

    c.     The nature and circumstances surrounding the interaction of the officer/defendants with Mr. Van Zandt and his children, as well as the conduct of the officer/defendants at the scene, including but not limited to the search of Mr. Van Zandt's vehicle.

    d.     The nature and circumstances surrounding the questioning of the plaitniff's minor children by the officer/defendants.

    e.     The nature and extent of plaintiff's damages.

    f.     The nature and extent of plaintiff's allegations that public entity defendant City of San Jose (by and through the San Jose Police Department) failed to adequately train, educate, and supervise officer/defendants, and whether such alleged failure, if true, constituted deliberate indifference so as to cause or contribute to the alleged constitutional violations.

    g.     The nature and extent of plaintiff's allegations that public entity defendant City of San Jose (by and through the San Jose Police Department) promulgated policies, practices, customs or procedures, which manifested deliberate indifference to the rights and safety of the plaintiffs.

    h.     The nature and circumstances surrounding, and extent of, plaintiff's allegations that officer/defendants' actions were malicious and/or taken with reckless disregard for the rights and safety of the plaintiff, and were done intentionally, and with deliberate indifference to the rights of plaintiff.

4

i. Whether there are additional unnamed defendants.

j. Whether Plaintiff was cooperative or obstructive when questioned by the San Jose Police.

k. When during the events was Plaintiff's car searched.

l. The circumstances surrounding Plaintiff's entry into the San Jose Police vehicle.

3. **The principal legal issues which the parties dispute and citation to specific statutes and decisions:**

a. Whether the conduct of the mall security personnel constituted and assault and/or battery, and thereafter an act of false imprisonment.

b. Whether plaintiff's constitutional rights were violated by the officer/defendants.

c. Whether the rights plaintiffs contend were violated were clearly established.

d. Whether any or all of the actions of the defendant police officers are protected from liability by the application of any immunity, including statutory, absolute, or qualified immunity.

e. Whether there is any liability attributable to City of San Jose based on a *Monell* theory of liability.

f. Whether the complaint states a cause of action upon which relief can be granted.

g. Whether an exigency existed which justified the San Jose Police search of Plaintiff's vehicle.

h. Whether Plaintiff was arrested or detained by the San Jose Police and legal justification or lack thereof for the arrest or detention of Plaintiff.

i. Whether if plaintiff was cooperative or was not cooperative with the San Jose Police at any point, it is of any legal relevance.

//

**4.    The other factual issues (e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue) which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

Plaintiff represents there remains one or possibly two defendants to be named, whose identities were not known to plaintiff until December of 2007, when counsel for Target Stores Inc., provided an "incident report" to counsel for plaintiffs. The report only reveals their first names, however, counsel for the police department has indicated he will disclose the police reports as part of the disclosures called for under Rule 26, and at that time plaintiff will seek leave to amend the complaint to include one or both of the persons who made the report, as a review of a video of the outside of the bathroom reveals that the reporting party may not have been exactly truthful about what she observed and then reported to the police with regard to her observations of the plaintiff. The unredacted reports may also reveal the identity of the mall security agent/defendants involved in removing plaintiff from his car and detaining him.

The plaintiff has dismissed the claims against Target and Target personnel without prejudice at this time.

**5.    The parties which have not been served and the reasons:**

Westfield LLC has been served, but have not yet answered, the amended complaint. Westfield LLC will answer the complaint on or before February 4th, 2008. As noted above, the identity of one or possibly two potential defendants (other than first names) remains unknown, but may be resolved shortly.[1]

In addition, plaintiffs have not yet served Professional Security Consultants. Initially, plaintiffs had the wrong name of the entity which they believe employed the

---

[1] Counsel for Westfield LLC (Kim James, Esq.) has made contact with both counsel (and filed a Waiver of Service of Summons), and was hesitant to sign the Joint Statement for jurisdictional

6

Initial Joint CMC Statement
Van Zandt v. San Jose
Case No. CV 07 – 04987 JF

defendant/employees of this company, but were provided the proper name as a courtesy by the counsel for Westfield LLC.  The complaint was then amended and filed on November 1st, 2008. The actual individual defendants are not yet known, that were presumably employed by said company.

Plaintiff represents that since that time, numerous attempts were made to obtain cooperation in accepting service with the company, but thus far it appears there is no intention of cooperating, as the office of plaintiff's counsel has been on at least two occasions that they would be called back by counsel for Professional Security Consultants, but have yet to receive any call-backs.  The complaint has gone out for service on the entity this 7th day of January, 2008, and it is assumed that only then will the true names of the individual who pulled plaintiff from his van will be learned, as well as any other participants in that act or the forced detention of plaintiff until the arrival of police.

**6. <u>The additional parties which the below-specified parties intend to join, or any additional claims or defenses, and the intended time frame for such joinder:</u>**

As noted above, plaintiff intends to join the reporting party(ies).

**7. <u>The following parties consent to assignment of this case to a United States Magistrate Judge for [court or jury] trial:</u>**

The plaintiffs have previously filed a Declination to Proceed Before A Magistrate.

**8. <u>Anticipated Pre-Trial Motions:</u>**

All parties anticipate filing motions for summary judgment at some point in the proceedings.  Other than said motion, only routine motions-in-limine are reasonably anticipated at this time.

reasons at this time pending filing of an answer, and possibly other pleadings, and further

7

9. **<u>Evidence Preservation:</u>**

The parties, by and through counsel, have agreed that they will instruct their clients fully on their obligations to preserve all evidence relevant to the issues reasonably evident in this action, and to avoid erasure or destruction of any documents, e-mails, voice mails, and/or other electronically-recorded / stored materials.

10. **<u>Relief Sought:</u>**

Plaintiff is seeking general damages in an amount not less than $150,000.00, and punitive damages from the officer/defendants for their treatment of him and search of his vehicle, and from the security company employee who pulled him from the car, as well as he and all others who detained him, in an amount to be proven at trial.

The damages in this case are based primarily on the emotional distress and anxiety experienced by this plaintiff, however, plaintiff additionally has approximately $2,000.00 in medical specials related to the evaluation and treatment of his shoulder (injured in removal from the van), and future medical expense.

## ALTERNATIVE DISPUTE RESOLUTION

11. **<u>The parties have agreed to the following court ADR processes:</u>**

The parties have agreed upon a settlement conference with a magistrate judge, if the court would be so kind as to refer the case for same.

## DISCLOSURES

The parties that have already answered or responded to the complaint, and are also submitting this statement will exchange Rule 26 Disclosures on or before January 31st, 2008,

consultation with her clients.

and those parties request an order that all other parties submit Rule 26 Disclosures within 30 days of the date of filing any answer or responsive pleading to the First Amended Complaint.

## DISCOVERY

The parties propose no change to the standard discovery limits on the numbers of depositions, interrogatories, requests for documents, and/or requests for admissions provided for in the FRCP and/or local rules.

Discovery will proceed as initiated by the parties, and with the intention of reasonable cooperation on all aspects of discovery.

All parties reserve the right to seek changes to the standard discovery limits and/or additional discovery should the need arise.

## TRIAL SCHEDULE

The case will be tried to a jury. The parties request that the Court not schedule pre-trial or trial dates at this time, but rather do so at a further Case Management Conference to be scheduled in approximately 90 days from this initial Case Management Conference, for various reasons:

1.) at that point in time the parties will have been able to have conducted some discovery, 2.) plaintiff may have received the information on the potential defendants who made the police report about suspected child abuse that plaintiffs allege was false, and 3.) plaintiff will have determined the need or efficacy of filing an amended complaint to include the yet unknown defendants, one or both, and 4.) the plaintiff will have corrected by stipulation or amended the First Amended Complaint to properly name any yet unknown defendants, and, 5.) the parties may have been able to participate in a settlement conference with a magistrate judge which may narrow or define the issues.

It is agreed among counsel, and they respectfully request the court order, that this matter be set for a continued CMC in approximately 90 days, at which time a scheduling order will be suggested by counsel in a Joint CMC Statement.

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

Pursuant to Civil L.R.16-6, the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities, and has considered whether this case might benefit from any of the available dispute resolution options.

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: 1/7/08                              ___/S/_Robert R. Powell_____
                                           ROBERT R. POWELL, ESQ.
                                           Attorney for Plaintiff

Dated: 1/7/08                              __/S/_ Michael Groves_____
                                           MICHAEL GROVES, ESQ.
                                           Attorney for Defendants City of
                                           San Jose, Weir, Pfeiffer, Higgans,
                                           And Natividad