1  Kenneth S. Kawabata, Esq., SBN 149391
   **MANNING & MARDER**
2  **KASS, ELLROD, RAMIREZ LLP**
   550 West "C" Street, Suite 1900
3  San Diego, CA 92101
   Telephone: (619) 515-0269
4  Facsimile: (619) 515-0268

5  Sejal Ojha, Esq., SBN 226778
   **MANNING & MARDER**
6  **KASS, ELLROD, RAMIREZ LLP**
   One California Street, Suite 1100
7  San Francisco, CA 94111
   Telephone:   (415) 217-6990
8  Facsimile:   (415) 217-6999

9  Attorneys for Defendant,
   PROFESSIONAL SECURITY CONSULTANTS

10

11                  UNITED STATES DISTRICT COURT

12         NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

13  THOMAS VAN ZANDT,                     )  Case No.: 5:07-CV-04987-JF
                                          )
14                    Plaintiff,          )
                                          )  **DEFENDANT PROFESSIONAL**
15  vs.                                   )  **SECURITY CONSULTANTS'**
                                          )  **ANSWER TO FIRST AMENDED**
16  CITY OF SAN JOSE, DANIEL PFEIFER, MARK)  **COMPLAINT**
    NATIVIDAD, ANTHONY WEIR, OFFICER      )
17  HIGGINS, Individually and as Employees of the )
    CITY OF SAN JOSE, TARGET STORES, INC.,)
18  WESTFIELD LLC., PROFESSIONAL SECURITY )
    CONSULTANTS, and Does 1-10, Inclusive,)
19                                        )
                      Defendants.         )
20  _____ )

21       Defendants, PROFESSIONAL SECURITY CONSULTANTS (hereinafter "PSC") hereby

22  admit, deny and allege the following in response to being named as defendants in counts 7,8 and 9

23  only of Plaintiffs' Complaint as follows:

24                        **I.  JURISDICTION**

25       1.     Answering paragraph 1-3, PSC lacks sufficient information and belief to admit or

26  deny the allegations contained in paragraph number 1-3, and based upon said lack of information or

27  belief, deny each and every allegation contained therein.

28  ///

## II.  PARTIES

2.    Answering paragraph 4-16, PSC lacks sufficient information and belief to admit or deny the allegations contained in paragraph number 4-16, and based upon said lack of information or belief, deny each and every allegation contained therein.

3.    Answering paragraph 17, PSC admits to being an employee and/or independent contractor for/with Westfield, LLC., providing security services to Westfield, LLC., at the time and location of the incidents complained herein.  PSC admits that the security guard defendants were not employed by Westfield, LLC., but were employed by PSC.

4.    Answering paragraph 18 - 20,  PSC lacks sufficient information and belief to admit or deny the allegations contained in paragraph number 18 - 20, and based upon said lack of information or belief, deny each and every allegation contained therein.

## III.  FACTUAL ALLEGATIONS

5.    Answering paragraph 21- 40,  PSC lacks sufficient information and belief to admit or deny the allegations contained in paragraph number 21 - 40, and based upon said lack of information or belief, deny each and every allegation contained therein.

## IV.  DAMAGES

6.    Answering paragraph 41- 45,  PSC lacks sufficient information and belief to admit or deny the allegations contained in paragraph number 41 - 45, and based upon said lack of information or belief, deny each and every allegation contained therein.

## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983 - ARREST)

[VAN ZANDT Against PFEIFER, WEIR, NATIVIDAD, HIGGINS]

7.    Answering paragraph 46, PSC hereby incorporates its answers to paragraphs 1 through 44, inclusive, as though fully set forth herein.

8.    Answering paragraph 47- 49,  PSC lacks sufficient information and belief to admit or deny the allegations contained in paragraph number 47 - 49, and based upon said lack of information or belief, deny each and every allegation contained therein.

D:\docsdata\sxo\Van Zandt v. PSC\Pleadings\Answer.wpd

**SECOND CAUSE OF ACTION**

**VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983 - SEARCH OF PERSON)**

[VAN ZANDT Against PFEIFER, WEIR, NATIVIDAD, HIGGINS]

9.      Answering paragraph 50, PSC hereby incorporates its answers to paragraphs 1 through 44, inclusive, as though fully set forth herein.

10.     Answering paragraph 51- 53, PSC lacks sufficient information and belief to admit or deny the allegations contained in paragraph number 51 - 53, and based upon said lack of information or belief, deny each and every allegation contained therein.

**THIRD CAUSE OF ACTION**

**VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983 - SEARCH OF VEHICLE)**

[VAN ZANDT Against PFEIFER, WEIR, NATIVIDAD, HIGGINS]

11.     Answering paragraph 54, PSC hereby incorporates its answers to paragraphs 1 through 44, inclusive, as though fully set forth herein.

12.     Answering paragraph 55- 57, PSC lacks sufficient information and belief to admit or deny the allegations contained in paragraph number 55 - 57, and based upon said lack of information or belief, deny each and every allegation contained therein.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF CIVIL RIGHTS (C.C. 52.1 Banes Civil Rights Act)**

[VAN ZANDT Against PFEIFER, WEIR, NATIVIDAD, HIGGINS, DOE 1 and DOE 2]

13.     Answering paragraph 58, PSC hereby incorporates its answers to paragraphs 1 through 44, inclusive, as though fully set forth herein.

14.     Answering paragraph 59-64, PSC lacks sufficient information and belief to admit or deny the allegations contained in paragraph number 59 - 64, and based upon said lack of information or belief, deny each and every allegation contained therein.

///
///
///
///

-3-

1

**FIFTH CAUSE OF ACTION**

2

**BATTERY**

3

[VAN ZANDT Against Doe 1]

4    15.    Answering paragraph 65, PSC hereby incorporates its answers to paragraphs 1

5    through 44, inclusive, as though fully set forth herein.

6    16.    Answering paragraph 66-68,  PSC lacks sufficient information and belief to admit or

7    deny the allegations contained in paragraph number 66 - 68, and based upon said lack of

8    information or belief, deny each and every allegation contained therein.

9

**SIXTH CAUSE OF ACTION**

10

**BATTERY**

11

[VAN ZANDT PFEIFER, WEIR, NATIVIDAD, HIGGINS]

12

13    17.    Answering paragraph 69, PSC hereby incorporates its answers to paragraphs 1

14    through 44, inclusive, as though fully set forth herein.

15    18.    Answering paragraph 70-72,  PSC lacks sufficient information and belief to admit or

16    deny the allegations contained in paragraph number 70 - 72, and based upon said lack of

17    information or belief, deny each and every allegation contained therein.

18

**SEVENTH CAUSE OF ACTION**

19

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

20

[Plaintiff Against All Defendants]

21    19.    Answering paragraph 73, PSC hereby incorporates its answers to paragraphs 1

22    through 44, inclusive, as though fully set forth herein.

23    20.    Answering paragraph 74-77,  PSC lacks sufficient information and belief to admit or

24    deny the allegations contained in paragraph number 74 - 77, and based upon said lack of

25    information or belief, deny each and every allegation contained therein.

26    ///

27    ///

28    ///

D:\docsdata\sxo\Van Zandt v. PSC\Pleadings\Answer.wpd

DEF. PROFESSIONAL SECURITY CONSULTANTS' ANSWER TO FIRST AMENDED COMPLAINT

1

## EIGHTH CAUSE OF ACTION

2

## FALSE ARREST / IMPRISONMENT

3

[Plaintiff Against All Defendants]

4      21.    Answering paragraph 78, PSC hereby incorporates its answers to paragraphs 1

5  through 44, inclusive, as though fully set forth herein.

6      22.    Answering paragraph 79-81,  PSC lacks sufficient information and belief to admit or

7  deny the allegations contained in paragraph number 79 - 81, and based upon said lack of

8  information or belief, deny each and every allegation contained therein.

9

## NINTH CAUSE OF ACTION

10

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

11

[Plaintiff Against All Defendants]

12      23.    Answering paragraph 82, PSC hereby incorporates its answers to paragraphs 1

13  through 44, inclusive, as though fully set forth herein.

14      24.    Answering paragraph 83,  PSC lacks sufficient information and belief to admit or

15  deny the allegations contained in paragraph number 83, and based upon said lack of information or

16  belief, deny each and every allegation contained therein.

17

## PRAYER FOR RELIEF

18      25.    In response to Plaintiff's Prayer for Relief, Answering Defendant admit that Plaintiff

19  seeks the requested relief, but deny that Plaintiff is entitled to the relief requested or any relief

20  whatsoever.

21

## FIRST AFFIRMATIVE DEFENSE

22      1.    As a separate, distinct, and affirmative defense,  PSC allege that the complaint, and each

23  cause of action contained therein, fails to state facts sufficient to constitute a cause of action or to set

24  forth a claim upon which relief can be granted.

25

## SECOND AFFIRMATIVE DEFENSE

26      2.    As a separate, distinct, and affirmative defense, PSC allege that this Court lacks

27  subject matter jurisdiction.

28

D:\docsdata\sxo\Van Zandt v. PSC\Pleadings\Answer.wpd

DEF. PROFESSIONAL SECURITY CONSULTANTS' ANSWER TO FIRST AMENDED COMPLAINT

1

### THIRD AFFIRMATIVE DEFENSE

2      3.      Answering Defendants allege that the Plaintiff was negligent, reckless, and careless in

3 and about the matters referred to in the Complaint, and that this negligence approximately and

4 concurrently contributed to the events and the damages alleged, if any exist, and that such negligence,

5 recklessness, or carelessness bars or reduces any recovery by each Plaintiff.

6

### FOURTH AFFIRMATIVE DEFENSE

7      4.      Answering Defendants allege that the damages alleged in the Plaintiff's Complaint, if

8 any exists, were caused in whole or in part by the negligence, recklessness, or carelessness of persons

9 or entities other than this answering Defendant, and for which this answering Defendant is not

10 responsible, and that if this answering Defendant is held liable for damages to Plaintiffs, this answering

11 Defendant is entitled to contribution from or indemnification by these other persons, entities or parties

12 on a comparative negligence or false basis and/or to a limitation of their share of any damages according

13 to the proportionate percentage of their liability.

14

### FIFTH AFFIRMATIVE DEFENSE

15      5.      Answering Defendants allege that if Plaintiff sustained damages, that he received his

16 alleged damages and injuries solely because of a risk voluntarily assumed by Plaintiff when the danger

17 of said risk was known or should have been known by him.

18

### SIXTH AFFIRMATIVE DEFENSE

19      6.      Answering Defendants allege that the Plaintiff's claims are barred by the Doctrine of

20 Unclean Hands.

21

### SEVENTH AFFIRMATIVE DEFENSE

22      7.      The Plaintiff's Complaint herein and each and every cause of action contained therein

23 is barred under the Doctrine of Laches.

24

### EIGHTH AFFIRMATIVE DEFENSE

25      8.      By his actions, Plaintiff waived any and all rights which he may have otherwise had to

26 assert against this answering Defendant.

27 ///

28 ///

-6-

DEF. PROFESSIONAL SECURITY CONSULTANTS' ANSWER TO FIRST AMENDED COMPLAINT

**NINTH AFFIRMATIVE DEFENSE**

9.     Answering Defendants are informed and believe, and thereon allege, that Plaintiff engaged in conduct and activities with respect to the subject of his Complaint, and by reason of these activities and conduct, is estopped from asserting any claims for damages or seeking any other relief against this answering Defendant.

**TENTH AFFIRMATIVE DEFENSE**

10.     Answering Defendants allege that any prayer by Plaintiff for exemplary or punitive damages as barred by law in that this answering Defendant's alleged actions did not rise to the requisite level of oppression, malice, or fraud pursuant to California Code of Civil Procedure § 3294.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     Answering Defendants allege that any and all acts alleged by Plaintiff to have been performed by or on behalf of Defendants were performed, if at all, in good faith, without malice, and were based upon legally sufficient justifications.

**TWELFTH AFFIRMATIVE DEFENSE**

12.     Answering Defendants allege that the alleged statements complained of in Plaintiff's Complaint were made without any feelings by Defendant of hatred or ill will for Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.     Plaintiff, though under a duty to do so, has failed and neglected to mitigate his alleged damages and, therefore, cannot recover against this answering Defendant, whether it is alleged or wise.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     Answering Defendants are informed and believe, and thereon allege, that the injuries and damages of which the Plaintiff complains are approximately caused by or contributed to by the acts of Plaintiff, another Defendant, person, and/or other entities, and that these acts were an intervening and superseding cause of the injuries and damages, if any, of which the Plaintiff complains, this barring Plaintiff from any recovery against this answering Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     The conduct of this answering Defendant in regard to the matters alleged in the Plaintiff's Complaint was justified and, by reason of the foregoing, Plaintiff is barred from any recovery

1  against this answering Defendant.

2  ## SIXTEENTH AFFIRMATIVE DEFENSE

3  16.    Answering Defendants presently have insufficient knowledge or information on which

4  to form a belief as to whether it may have any additional, as yet unstated, affirmative defenses available.

5  ## SEVENTEENTH AFFIRMATIVE DEFENSE

6  17.    Answering Defendants reserves the right to assert additional defenses in the event that

7  discovery indicates that they would be appropriate.

8  ## EIGHTEENTH AFFIRMATIVE DEFENSE

9  18.    The Complaint, and each purported cause of action contained therein, is barred in whole

10  or in part, because Professional Security Consultants had an honest, reasonable, good faith belief in the

11  facts on which they base their acts, omissions, and conduct in respect to Plaintiff, if any, and all acts

12  were undertaken for legitimate business reasons.

13  ## NINETEENTH AFFIRMATIVE DEFENSE

14  19.    Plaintiffs claim for punitive damages is invalid and that no officer, director, or managing

15  agent of Defendant's corporation had advanced knowledge of the acts complained of, nor did any such

16  person act with conscience disregard for the safety of Plaintiff, nor authorize, ratify, or otherwise

17  approve said conduct alleged in the Complaint as intentional, extreme, outrageous beyond what is

18  tolerable in a civilized society.

19  ## TWENTIETH AFFIRMATIVE DEFENSE

20  20.    In doing the acts complained of by Plaintiff, Defendants acted in self-defense and

21  Defendants used no more force than reasonably necessary to prevent impending injury to Defendant.

22  ## TWENTY-THIRD AFFIRMATIVE DEFENSE

23  23.    The acts complained of by Plaintiff were committed by Defendants in the course of

24  making a lawful citizen's arrest. In so making this arrest, defendant used only reasonable force.

25  ///
26  ///
27  ///
28  ///

D:\docsdata\sxo\Van Zandt v. PSC\Pleadings\Answer.wpd

DEF. PROFESSIONAL SECURITY CONSULTANTS' ANSWER TO FIRST AMENDED COMPLAINT

1    WHEREFORE, answering Defendant prays:

2    1.    That Plaintiff take nothing by his First Amended Complaint;

3    2.    That Plaintiff's First Amended Complaint be dismissed with prejudice;

4    3.    That Defendant be awarded be awarded its costs of suit, including attorney's fees

5    incurred herein; and

6    4.    For such other and further relief as the Court deems proper.

7    **DEMAND FOR JURY TRIAL**

8    Defendant, PROFESSIONAL SECURITY CONSULTANTS hereby demands trial of this matter

9    by jury

10

11    Dated:  February 5, 2008                    **MANNING & MARDER**
                                                  **KASS, ELLROD, RAMIREZ** LLP

12

13                                                By: _____

14                                                    Sejal Ojha

                                                  Attorneys for Defendant,
15                                                PROFESSIONAL SECURITY
                                                  CONSULTANTS

16

17

18

19

20

21

22

23

24

25

26

27

28

D:\docsdata\sxo\Van Zandt v. PSC\Pleadings\Answer.wpd

PROOF OF SERVICE