1  Kenneth S. Kawabata, Esq., SBN 149391
   **MANNING & MARDER**
2  **KASS, ELLROD, RAMIREZ LLP**
   550 West "C" Street, Suite 1900
3  San Diego, CA  92101
   Telephone: (619) 515-0269
4  Facsimile:  (619) 515-0268

5  Sejal Ojha, Esq., SBN 226778
   **MANNING & MARDER**
6  **KASS, ELLROD, RAMIREZ LLP**
   One California Street, Suite 1100
7  San Francisco, CA 94111
   Telephone:    (415) 217-6990
8  Facsimile:    (415) 217-6999

9  Attorneys for Defendant,
   PROFESSIONAL SECURITY CONSULTANTS

10

11                UNITED STATES DISTRICT COURT

12        NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

13

   THOMAS VAN ZANDT,                          ) Case No.: 5:07-CV-04987-JF
14                                             )
                      Plaintiff,               ) **PROFESSIONAL SECURITY**
15                                             ) **CONSULTANTS' INITIAL**
   vs.                                         ) **DISCLOSURE STATEMENT**
16                                             ) **(FRCP 26)**
   CITY OF SAN JOSE, DANIEL PFEIFER, MARK      )
17 NATIVIDAD, ANTHONY WEIR, OFFICER            )
   HIGGINS, Individually and as Employees of the )
18 CITY OF SAN JOSE, WESTFIELD LLC.,           )
   PROFESSIONAL SECURITY CONSULTANTS,          )
19 and Does 1-10, Inclusive,                   )
                                               )
20                    Defendants.              )
                                               ) Complaint Filed:  September 26, 2007
21

22                   **Initial Disclosure Statement**

23        Pursuant to FRCP Rule 26(a)(1) and (e), Defendant, Professional Security Consultants,

24 submits its Initial Disclosure Statement.  Where applicable, copies of the documents listed herein

   are attached.

25 (1)    Initial Disclosures.

26 (A)    The name and, if know, the address and telephone number of each individual likely to

27 have discoverable information that the disclosing party may use to support its claims or defenses,

28

1  unless solely for impeachment, identifying the subjects of the information:

2          (i.)     Plaintiff, Thomas Van Zandt, concerning nature and circumstances

3  surrounding the subject incident, pre-existing medical conditions and alleged injuries caused by the

4  subject incident.

5          (ii.)     Professional Security Consultants' employees and former employees: Alex

6  Castillo, Daniel Garcia, Richard Lucero, and Mark McNicoll, Ryan Scott, Henry Mestaz, and

7  Corrisa. Hulick. These employees will testify concerning nature and circumstances surrounding the

8  subject incident; removal of Plaintiff from his vehicle; questioning of the Plaintiff; information

9  provided from Target Asset Protection employees; directions and instructions provided to the

10  Defendants to investigate the subject incident; interaction with the individuals who made the

11  complaint against Plaintiff; interaction with and questioning of Plaintiff's children; and training,

12  education, supervision of Defendant's employees. These individuals may be contacted through

13  defense counsel, Manning & Marder, Kass, Ellrod, Ramirez, regarding the subject incident.

14          (iii.)     John Best, employee of Defendant Westfield LLC, who may be contacted

15  through his defense counsel Nelson, Perlov & Lee, regarding the nature and circumstances

16  surrounding the subject incident.

17          (iv.)     Defendants San Jose Police Department Officers: Daniel Pfeifer, Mark

18  Natividad, Anthony Weir and Officer Higgins regarding the nature and circumstances surrounding

19  the subject incident, interaction with and questioning of the Plaintiff; interaction with and the

20  questioning of Plaintiff's children; interaction with the individuals who made the complaint against

21  Plaintiff; and training, education, supervision of San Jose Police Officers;

22          (v.)     Complainants: Samantha Fien and a woman identified as "Sherry" regarding

23  the nature and circumstances surrounding the subject incident; observations of the actual events

24  occurring at Target bathroom; information provided to Target Asset Protection employees and othe

25  Defendants; and interaction with other Defendants..

26          (vi.)     Target employees: Danielle DeMay, James Loehr and Saul Moru, and Target

27  general services team leader Anna regarding the nature and circumstances surrounding the subject

28  incident, information received from Complainants; information provided to other Defendants; and

1  interaction with other Defendants;

2    (vii.)  Any other witness whose names, addresses and telephone numbers are
3  discovered by the parties either through discovery documents produced or through any investigation
4  conducted by any of the parties.  If any such witnesses are discovered, defendant's attorneys will
5  inform plaintiff's counsel of said witnesses' names, addresses and telephone numbers.

6    (viii.)  Any and all expert medical witnesses chosen by defendant, including any
7  medical expert chosen to conduct a physical examination of plaintiff, Thomas Van Zandt, and
8  review his medical records, and who defendant decides to have testify in this case.  When the
9  names, addresses and telephone numbers of said medical witnesses are ascertained, and when
10  required to produce information regarding them, counsel will meet and confer regarding such
11  discovery and produce such information that is not protected by privileges against disclosure.

12    (ix.)  Any and all expert witnesses chosen by defendant, including any
13  expert chosen by plaintiff, to testify regarding the reasonableness of the use of force by Defendants.
14  (B)  A copy of, or a description by category and location of, all documents [1] electronically
15  stored information, and tangible things that are in the possession, custody and control of the party
16  and that the disclosing party may use to support its claims or defenses, unless solely for
17  impeachment:

18    (i.)  Defendant Professional Security Consultants has a confidential, privileged
19  incident report and supplemental narratives prepared in anticipation of litigation for which it claims
20  the attorney-client privilege.  At this time, Professional Security Consultants does not intend to
21  waive the privilege to use it to support its claims or defenses.

22    (ii.)  All parties have a copy of the video surveillance depicting the events which
23  occurred around the Target bathroom and hallway on the date of the subject incident.  The site of the
24  incident is equally available for inspection by the plaintiff.

25    (iii.)  Defendant intends to subpoena all medical treatment and billing records of
26  plaintiff as a result of the incident as well as plaintiff's medical history.

27    (iv.)  San Jose Police Department Police Report and its attachments.

28    (v.)  Target Corporation's Incident Report dated November 27, 2006.

1          (vi.)    Investigation is continuing.  Defendant reserves its rights to rely on other

2  relevant documents. When such documents are ascertained, and when required to produce

3  information regarding them, counsel will meet and confer regarding such discovery and produce

4  such documents that is not protected by privileges against disclosure.

5  (C)    A computation of any category of damages claimed by the disclosing party, making

6  available for inspection and copying as under Rule 34 the documents or any other

7  evidentiary material, not privileged or protected from disclosure, on which such computation is

8  based, including materials bearing on the nature and extent of injuries suffered: Not applicable,

9  defendant is not making any claim for damages.

10  (D)    For inspection and copying as under Rule 34 any insurance agreement under which

11  any person carrying on an insurance business may be liable to satisfy part or all of the judgment

12  which may be entered in the action or to indemnify or reimburse for payments made to satisfy the

13  judgment: Defendant is self insured in an amount sufficient to cover the potential value of this

14  claim. The coverage is with: Lexington Insurance Company.  The policy is administrated by:

15  Vericlaim, 1833 Center Point Circle Suite 139, Naperville, Illinois 60563, policy number 6761087.

16  A copy of the Declaration page for said policy is attached.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

**Certificate of Disclosure**

2      I, Sejal Ojha, declarant, certify that to the best of my knowledge, information and belief,

3 formed after inquiry that is reasonable under the circumstances, the disclosure herein is complete

4 and correct as of the time it is made.

5      Executed on April 3, 2008 at San Francisco, California.

6

7 Dated: April 3, 2008

       **MANNING & MARDER**
       **KASS, ELLROD, RAMIREZ** LLP

8

9      By: _____
           Sejal Ojha
10         Kenneth S. Kawabata

11     Attorneys for Defendant,
       PROFESSIONAL SECURITY
12     CONSULTANTS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**LEXINGTON INSURANCE COMPANY**
Admi... ...ive Offices: 100 Summer Street, Boston, Massachusetts 02110-2103
(hereinafter called the Company)

## GUARD SECURE SM
**Security Guard General and Professional Liability Insurance**

**Declarations**

THIS IS A OCCURRENCE POLICY. PLEASE READ THIS POLICY CAREFULLY

RECEIVED
NOV 1 7 2006
...

Policy No.: 6761087                    **Renewal Of:** 4142215

**ITEM 1.**  **Named Insured:** PROFESSIONAL SECURITY CONSULTANTS

Address:    11454 SAN VINCENTE,  2ND FLOOR

LOS ANGELES                    CA 90049

**ITEM 2.**  **Policy Period: From:** 10/22/06 **To:** 10/22/07
at 12:01 A.M. standard time at the address of the named Insured stated above.

**ITEM 3.**  **Limits of Insurance:**
(includes **Claims Expenses**)

| | |
|---|---|
| Each Occurrence, Wrongful Act or Offense Limit: | $ 10,000,000 |
| Damage to Premises Rented to You Limit: | $ |
| Aggregate Limit: | $ 10,000,000 |

**ITEM 4.**  **Deductible/Self-Insured Retention:**  Each Claim    $ 250,000
(per occurrence or wrongful act.)

**ITEM 5.**  **Premium:**

| Estimated Exposure | Rating Base | Rate | Audit Period |
|---|---|---|---|
| $29,000,000 | PAYROLL | $10.50 | NOT AUDITABLE |

| | |
|---|---|
| A.  Advance Premium | $ 304,500 |
| B.  Annual Minimum Premium | $ 304,500 |
| C.  Minimum Earned Premium At Inception | $ 76,125 |

**ITEM 6.**  **Retroactive Date:**    /  /

**ITEM 7.**  **Extended Reporting Period:**    months at    % of the total annual premium.

By acceptance of the policy the Insured agrees that the statements in the Declarations and the Application and any attachments hereto are the Insured's agreement and representation and that this policy embodies all agreements between the Insured and the Company or any of its representatives relating to this insurance.

**Authorized Representative OR**
**Countersignature (in states where applicable)**

OC-GUARD
LX9599 (08/04)

INSURED'S COPY