Kim James, Esq. (SB# 103130)
**NELSON, PERLOV & LEE**
339 So. San Antonio Road
Los Altos, CA 94022
Telephone (650) 941-6161
Facsimile  (650) 949-0695

*Attorneys for Defendant*
WESTFIELD, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS VAN ZANDT,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF SAN JOSE, *et al.*,<br><br>    Defendants. | Case No. C0T-0498T JF<br><br>**INITIAL DISCLOSURE STATEMENT OF DEFENDANT WESTFIELD, LLC** |

    Pursuant to FRCP Rule 26(a)(1) and (e), Defendant, WESTFIELD, LLC, submits its Initial Disclosure Statement.  Where applicable, copies of the documents listed herein are attached.

(1)    Initial Disclosures.

(A)    The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:

    (i)    Plaintiff, Thomas Van Zandt, concerning nature and circumstances surrounding the subject incident, pre-existing medical conditions and alleged injuries caused by the subject incident.

    (ii)    Professional Security Consultants' employees and former employees: Alex Castillo,

1  Daniel Garcia, Richard Lucero, and Mark McNicoll, Ryan Scott, Henry Mestaz, and Corrisa Hulick.
2  These employees will testify concerning nature and circumstances surrounding the subject incident;
3  removal of Plaintiff from his vehicle; questioning of the Plaintiff; information provided from Target
4  Asset Protection employees; directions and instructions provided to the Defendants to investigate the
5  subject incident; interaction with the individuals who made the complaint against Plaintiff; interaction
6  with and questioning of Plaintiff's children; and training, education, supervision of Defendant's
7  employees. These individuals may be contacted through defense counsel, Manning & Marder, Kass,
8  Ellrod, Ramirez, regarding the subject incident.

9      (iii) John Best, employee of Defendant Westfield LLC, who may be contacted through his
10 defense counsel Nelson, Perlov & Lee, regarding the nature and circumstances surrounding
11 Westfield's knowledge of the subject incident.

12     (iv) Defendants San Jose Police Department Officers: Daniel Pfeifer, Mark Natividad,
13 Anthony Weir and Officer Higgins regarding the nature and circumstances surrounding the subject
14 incident, interaction with and questioning of the Plaintiff; interaction with and the questioning of
15 Plaintiff's children; interaction with the individuals who made the complaint against Plaintiff; and
16 training, education, supervision of San Jose Police Officers;

17     (v) Complainants: Samantha Fien and a woman identified as "Sherry" regarding the nature
18 and circumstances surrounding the subject incident; observations of the actual events occurring at or
19 around the Target bathroom; information provided to Target Asset Protection employees and other
20 Defendants; and interaction with other Defendants.

21     (vi) Target employees: Danielle DeMay, James Loehr and Saul Moru, and Target general
22 services team leader Anna regarding the nature and circumstances surrounding the subject incident,
23 information received from Complainants; information provided to other Defendants; and interaction
24 with other Defendants.

25     (vii) Any other witness whose names, addresses and telephone numbers are discovered by the

parties either through discovery documents produced or through any investigation conducted by any of the parties. If any such witnesses are discovered, defendant's attorneys will inform plaintiff's counsel of said witnesses' names, addresses and telephone numbers.

(viii) Any and all expert medical witnesses chosen by defendant, including any medical expert chosen to conduct a physical examination of plaintiff, Thomas Van Zandt, and review his medical records, and who defendant decides to have testify in this case. When the names, addresses and telephone numbers of said medical witnesses are ascertained, and when required to produce information regarding them, counsel will meet and confer regarding such discovery and produce such information that is not protected by privileges against disclosure

(ix) Any and all expert witnesses chosen by defendant, including any expert chosen by plaintiff, to testify regarding the reasonableness of the use of force by Defendants

(B) A copy of, or a description by category and location of, all documents [1] electronically stored information, and tangible things that are in the possession, custody and control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

(i) Defendant Professional Security Consultants has a confidential, privileged incident report and supplemental narratives prepared in anticipation of litigation for which it claims the attorney-client privilege. At this time, Professional Security Consultants does not intend to waive the privilege to use it to support its claims or defenses

(ii) All parties have a copy of the video surveillance depicting the events which occurred around the Target bathroom and hallway on the date of the subject incident. The site of the incident is equally available for inspection by the plaintiff.

(iii) Defendant intends to subpoena all medical treatment and billing records of plaintiff as a result of the incident as well as plaintiff's medical history.

(iv) San Jose Police Department Police Report and its attachments.

(v) Target Corporation's Incident Report dated November 27, 2006.

(vi)   Investigation is continuing. Defendant reserves its rights to rely on other relevant documents. When such documents are ascertained, and when required to produce information regarding them, counsel will meet and confer regarding such discovery and produce such documents that is not protected by privileges against disclosure

(C)   A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or any other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered: Not applicable, defendant is not making any claim for damages.

(D)   For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment: Defendant is self insured in an amount sufficient to cover the potential value of this claim. The coverage is with: Lexington Insurance Company. The policy is administrated by: Vericlaim, 1833 Center Point Circle Suite 139, Naperville, Illinois 60563, policy number 6761087. A copy of the Declaration page for said policy is attached.

Dated: April 4, 2008

**NELSON, PERLOV & LEE**

By: /s/ Kim James
**KIM JAMES**
*Attorneys for Defendant*
WESTFIELD, LLC

### CERTIFICATE OF DISCLOSURE

I, KIM JAMES, declarant, certify that to the best of my knowledge, information and belief, formed after inquiry that is reasonable under the circumstances, the disclosure herein is complete and correct as of the time it is made. Executed on April 4, 2008, at Los Altos, California.