ROBERT R. POWELL, ESQ. CSB: 159747
DENNIS R. INGOLS, ESQ.    CSB: 236458
LAW OFFICES OF ROBERT R. POWELL
925 West Hedding Street
San José, California  95126
T: 408-553-0200 F: 408-553-0203
E: rpowell@rrpassociates.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San Jose Division)

| | | |
|---|---|---|
| THOMAS VAN ZANDT | ) | Case No.  CV 07 – 04987 JF |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | SECOND  JOINT CASE MANAGEMENT |
| | ) | CONFERENCE STATEMENT |
| CITY OF SAN JOSE, et al., | ) | |
| | ) | Date: April 18th, 2008  Time: 10:30 a.m. |
| Defendants. | ) | Dept. 3   Honorable Judge Jeremy Fogel |
| ———————————————— | ) | |

## **INTRODUCTION**

All parties jointly submit this Case Management Statement and Proposed Order and request the Court adopt it as its Case Management Order in this case.

## **STATUS OF THE MEETING OF THE PARTIES**

The parties to this action have completed their meeting, pursuant to Federal Rules of Civil Procedure section 26(f).  Counsel for the parties have engaged in good faith discussions of possible ADR and have requested herein for a referral to a settlement conference with a magistrate judge.

1

## DESCRIPTION OF THE CASE

1. **A brief description of the events underlying the action:**

**Plaintiff complains that** on November 26, 2006, plaintiff Thomas Van Zandt, accompanied by his wife, three minor children and one adult son, went to the Westfield Oakridge Mall.  The family divided up to run their own errands and father/plaintiff was left in the custody of his two young sons, one of whom (Judah) has very long hair.  He later went to the bathroom with Judah in a "family" style bathroom in Target, and apparently some lady was troubled by noise in the bathroom, and claimed that dad came out, leaving his son in there for a while, and had an "erection."  She reported this to someone in Target, and after the father and the boys shopped around another 30 minutes or so, when Mr. Van Zandt went to retrieve his car from valet parking, a security guard from Professional Security Consultants ran up, flung open his door, and yanked him by the arm out of the car and on to the ground in the pouring rain.

As a result, and after some delay in which the security guard (currently a Doe defendant) would not let him get out of the rain, nor tell him exactly what he had been stopped for, Mr. Van Zandt called the San Jose Police Department.  Officer/defendants Pfeiffer, Natividad, Weir, and Higgins, responded to the call.

Plaintiff contends the officers were initially rude and dismissive of his complaints, frisked him and put him in the police car when he complained about standing in the rain, and then when he was in the car, went to his vehicle and searched it without permission.  He contends the officers then threatened him with arrest when he refused to answer their further questioning after they understood that someone had made an inaccurate report, at best.

2

**Defendants City of San Jose and the officer/Defendants contend that** on the day in question San Jose Police were initially called by the Defendant Security Consultants who worked at the mall and then were subsequently contacted by the Plaintiff himself, both requesting that the police respond to the scene.  The initial call from Security Consultants indicated a possible child molestation with the location of the child remaining unknown.  Upon arrival some officers went into the mall to speak with the witnesses while others spoke with the security personnel who were detaining the Plaintiff.

The San Jose officers then attempted to speak with Plaintiff, who was initially uncooperative.  Not knowing where the child was the police, in light of the exigency, searched Plaintiff's car looking for any indication of a child's location, the child's identity, or anything else which would help them in locating the young person.

The San Jose Police then heard that the young person had been located and was actually a boy.  The initial reports from the witness and the security personnel had indicated the child was female.  The gender of the child meant nothing in terms of the potential molest reported by the witness.  The child and mother were then questioned.  Following this, the officers were satisfied a crime had not been committed and Plaintiff was released from detention.

The Plaintiff was never arrested for a crime.  He was not physically harmed in any way by the San Jose Police.  He was placed in the police car essentially at his request because he was complaining about the lack of shelter from the rain.

**Defendants, Professional Security Consultants (PSC) and the security officer/Defendants contend that** on Sunday, November 26, 2006, Target Asset Protection employee phoned PSC's dispatch center requesting assistance with an incident regarding a lewd and lascivious act against a female minor in the Target bathroom.

3

After meeting with the witnesses and reviewing Target's surveillance tape, PSC's officers identified a man who matched the description of the suspect at the East Valet station waiting for his vehicle.

After identifying themselves as Oakridge Mall Security, PSC's officers requested that he, Plaintiff speak with them regarding an incident that occurred in Target. Plaintiff refused and placed his hand on the gearshift to put the vehicle into drive. Fearing for their own and the safety of others, PSC Security officer placed one hand on Plaintiff's left wrist and the other hand on Plaintiff left upper arm to guide him out of the vehicle.

PSC officers confirmed the Plaintiff was the suspect by having the witnesses positively identify him. PSC was directed to call San Jose Police who arrived at the scene and took control of the incident.

**Defendant Westfield LLC contends that** Professional Security Consultants is a third party contractor retained pursuant to contract to provide security services at the mall. Defendant Westfield LLC contends that on the day of the incident, it was contacted by Professional Security Consultant's dispatcher and notified of the allegations made by the lady concerning plaintiff VanZandt. Defendant Westfield LLC suggested that the dispatcher get a description of the individual out over the radio to let security officers know to be on the look-out for the individual and further suggested that the dispatcher notify the supervisor on duty know of the circumstances.

2.    <u>**The principal factual issues which the parties dispute:**</u>

    a.    The nature and circumstances surrounding the actual events at the bathroom in Target, and the truth, falsity, or reckless disregard in making the report to police given

by two yet unknown women with the first names of Sherry and/or Samantha, with regard to those events.

b.      The nature and circumstances surrounding the conduct of the defendant/employees of Professional Security Consultants and their removal of plaintiff from his car and detention of plaintiff in the parking lot.

c.      The nature and circumstances surrounding the interaction of the officer/defendants with Mr. Van Zandt and his children, as well as the conduct of the officer/defendants at the scene, including but not limited to the search of Mr. Van Zandt's vehicle.

d.      The nature and circumstances surrounding the questioning of the plaitniff's minor children by the officer/defendants.

e.      The nature and extent of plaintiff's damages.

f.      The nature and extent of plaintiff's allegations that public entity defendant City of San Jose (by and through the San Jose Police Department) failed to adequately train, educate, and supervise officer/defendants, and whether such alleged failure, if true, constituted deliberate indifference so as to cause or contribute to the alleged constitutional violations.

g.      The nature and extent of plaintiff's allegations that public entity defendant City of San Jose (by and through the San Jose Police Department) promulgated policies, practices, customs or procedures, which manifested deliberate indifference to the rights and safety of the plaintiffs.

h.      The nature and circumstances surrounding, and extent of, plaintiff's allegations that officer/defendants' actions were malicious and/or taken with reckless disregard

5

for the rights and safety of the plaintiff, and were done intentionally, and with deliberate indifference to the rights of plaintiff.

i.      Whether there are additional unnamed defendants.

j.      Whether Plaintiff was cooperative or obstructive when questioned by the San Jose Police.

k.      When during the events was Plaintiff's car searched.

l.      The circumstances surrounding Plaintiff's entry into the San Jose Police vehicle.

m.     The nature and circumstances surrounding the directions and instructions given to PSC's security officers with regards to the investigation of the subject incident.

n.      The reasonableness of the force used by the PSC security officer who guided Plaintiff out of the car in self-defense and the defense of others.

o.      The reasonableness of the conduct and actions of the PSC security officers in investigating the subject incident.

p.      The nature and extent of plaintiff's allegations that PSC  failed to adequately train, educate, and supervise PSC's security officers/defendants.

q.      The nature and circumstances surrounding the involvement of Target Asset Protection employees.

r.      Whether Plaintiff was negligent, reckless or careless in his interaction with Defendants.

s.      The nature and circumstances surrounding the relationship, and extent thereof, between Westfield LLC and PSC.

Second Joint CMC Statement
Van Zandt v. San Jose
Case No. CV 07 – 04987 JF

**3.**   **The principal legal issues which the parties dispute and citation to specific statutes and decisions:**

a.      Whether the conduct of the mall security personnel constituted and assault and/or battery, and thereafter an act of false imprisonment.

b.      Whether plaintiff's constitutional rights were violated by the officer/defendants.

c.      Whether the rights plaintiffs contend were violated were clearly established.

d.      Whether any or all of the actions of the defendant police officers are protected from liability by the application of any immunity, including statutory, absolute, or qualified immunity.

e.      Whether there is any liability attributable to City of San Jose based on a *Monell* theory of liability.

f.      Whether the complaint states a cause of action upon which relief can be granted.

g.      Whether an exigency existed which justified the San Jose Police search of Plaintiff's vehicle.

h.      Whether Plaintiff was arrested or detained by the San Jose Police and legal justification or lack thereof for the arrest or detention of Plaintiff.

i.      Whether if plaintiff was cooperative or was not cooperative with the San Jose Police at any point, it is of any legal relevance.

j.      Whether the PSC security officers acted in self-defense or in the defense of others.

k.      Whether the Defendants conduct was justified and privileged as a result of acting in good-faith upon the belief that a possible child molestation has taken place.

l.      Whether the detention of the Plaintiff was based upon reasonable and probable grounds and the manner in which the detention was accomplished was for a reasonable

7

time and for the purpose of the investigation.

m.    Whether Westfield LLC authorized or ratified any or all actions of defendant

PSC.

n.    Whether PSC was acting within the scope of the contract with Westfield, LLC.

4.    **The other factual issues (e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue) which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

Plaintiff represents there remains one or possibly two "reporting" defendants to be named, whose identities were not known to plaintiff until December of 2007, when counsel for Target Stores Inc., provided an "incident report" to counsel for plaintiffs.  The report only reveals their first names, however, counsel for the police department provided the full name of one of the proposed defendants (Samantha Fein) and as indicated hereinbelow plaintiff will seek leave to amend the complaint to include one or both of the persons who made the report, as a review of a video of the outside of the bathroom reveals that the reporting part(ies) may not have been truthful about what she observed and then reported to Target personnel and the police with regard to her observations of the plaintiff.

The plaintiff has dismissed the claims against Target and Target personnel without prejudice at this time.

5.    **The parties which have not been served and the reasons:**

Westfield LLC and Professional Security Consultants have been served and have answered. There remains two defendants identified as a "Doe 1 and Doe 2" in the original complaint who have not been identified, served, or answered.  They are believed to be employees of PSC, and it is anticipated that counsel for PSC will provide the identify those defendants shortly, so that an amended complaint which will include those defendants by

8

name, and the other heretofore unknown defendants who made the initial report that led to the

incidents complained of by plaintiff. Thus far, only one full name of the "reporting"

defendants is known (Samantha Fein - the person who allegedly made allegations that led to

the incidents complained of by plaintiff), however, only the first name of the other participant

believed to have engaged in the reporting is known (Sherri).

All parties have stipulated informally to the amendment of the complaint, and anticipate

provide a formal stipulation and order shortly to allow for that filing if the court agrees.

**6.    The additional parties which the below-specified parties intend to join, or any additional claims or defenses, and the intended time frame for such joinder:**

As noted above, plaintiff intends to join the reporting party(ies).

**7.    The following parties consent to assignment of this case to a United States Magistrate Judge for [court or jury] trial:**

The plaintiffs have previously filed a Declination to Proceed Before A Magistrate.

**8.    Anticipated Pre-Trial Motions:**

All parties anticipate filing motions for summary judgment at some point in the

proceedings. Other than said motion, only routine motions-in-limine are reasonably

anticipated at this time.

**9.    Evidence Preservation:**

The parties, by and through counsel, have agreed that they will instruct their clients

fully on their obligations to preserve all evidence relevant to the issues reasonably evident in

this action, and to avoid erasure or destruction of any documents, e-mails, voice mails, and/or

other electronically-recorded / stored materials.

9

Second Joint CMC Statement
Van Zandt v. San Jose
Case No. CV 07 – 04987 JF

**10.  Relief Sought:**

Plaintiff is seeking general damages in an amount not less than $150,000.00, and punitive damages from the reporting part(ies), officer/defendants for their treatment of him and search of his vehicle, and from the security company employee who pulled him from the car, as well as he and all others who detained him, in an amount to be proven at trial.

The damages in this case are based primarily on the emotional distress and anxiety experienced by this plaintiff, however, plaintiff additionally has approximately $2,000.00 in medical specials related to the evaluation and treatment of his shoulder (injured in removal from the van), and future medical expense.

## ALTERNATIVE DISPUTE RESOLUTION

**11.  The parties have agreed to the following court ADR processes:**

The parties have agreed upon a settlement conference with a magistrate judge, if the court would be so kind as to refer the case for same.

## DISCLOSURES

The parties that have already answered or responded to the complaint, and are also submitting this statement will exchange Rule 26 Disclosures on or before April 4th, 2008, and those parties request an order that all other parties submit Rule 26 Disclosures within 30 days of the date of filing any answer or responsive pleading to the First Amended Complaint.

## DISCOVERY

The parties propose no change to the standard discovery limits on the numbers of depositions, interrogatories, requests for documents, and/or requests for admissions provided for in the FRCP and/or local rules.

Second Joint CMC Statement
Van Zandt v. San Jose
Case No. CV 07 – 04987 JF

Discovery will proceed as initiated by the parties, and with the intention of reasonable cooperation on all aspects of discovery.

All parties reserve the right to seek changes to the standard discovery limits and/or additional discovery should the need arise.

## TRIAL SCHEDULE

The case will be tried to a jury, and the estimated time is 8 trial days.

The parties request that the Court discuss trial dates at the CMC, where all counsel will appear with their calendars, as there are four different attorneys in the case and calendared dates of other trials on the attorneys calendars may change between now and the CMC. Generally, counsel believe that 9 months will be an appropriate time to set the matter for trial, (except for counsel for the City of San Jose's and the police officer defendants, who estimates 12 months), with associated discovery cut-off, expert exchange, and pre-trial conference set reasonably in advance thereof. However, there are currently two (possibly four) defendants to be added. PSC has just indicated that the individual defendants who participated in the removal of the plaintiff from his car, are no longer employees, and they do not represent them. They have, however, identified them by name this 7th day of April, 2008. Thus counsel suggest, that although discovery can and should commence, there may be a need for one further CMC before a trial date is selected. That issue is left to the discretion of the court, and counsel ask to discuss same at the CMC with the court.

## SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL

Pursuant to Civil L.R.16-6, the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities,

11

Second Joint CMC Statement
Van Zandt v. San Jose
Case No. CV 07 – 04987 JF

and has considered whether this case might benefit from any of the available dispute resolution options.

## ATTESTATION

Pursuant to Standing Order No. 45 of the Northern District, I, Dennis R. Ingols, Attorney for Plaintiff, hereby attest that I have obtained the concurrence of counsel for the City of San Jose, Westfield, LLC., and Professional Security Consultants, and their employee defendants, prior to e-filing the above Second Joint Case Management Conference Statement.

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.


Dated: 4/4/08                    ___/S/_ Dennis R. Ingols_____
                                 DENNIS R. INGOLS, ESQ.
                                 Attorney for Plaintiff


Dated: 4/7/08                    __/S/_ Michael Groves_____
                                 MICHAEL GROVES, ESQ.
                                 Attorney for Defendants City of
                                 San Jose, Weir, Pfeiffer, Higgans,
                                 And Natividad

Dated: 4/7/08                    __/S/ Kim James_____
                                 KIM JAMES, ESQ.
                                 Nelson, Perlov  & Lee
                                 Attorneys for Defendant Westfield, LLC.


Dated: 4/7/08                    __/S/_ Sejal Ojha_____
                                 SEJAL OJHA, ESQ.
                                 Manning & Marder, Kass, Ellrod, Ramirez
                                 Attorney for Defendants Professional
                                 Security Consultants

12

Second Joint CMC Statement
Van Zandt v. San Jose
Case No. CV 07 – 04987 JF