ROBERT R. POWELL, ESQ.  CSB#159747
DENNIS R. INGOLS, ESQ.    CSB#236458
LAW OFFICES OF ROBERT R. POWELL
925 West Hedding Street
San Jose, California  95126
T: 408-553-0200 F: 408-553-0203
E: rpowell@rrpassociates.com

Attorneys for Plaintiff
THOMAS VAN ZANDT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE DIVISION)

| | |
|---|---|
| THOMAS VAN ZANDT,<br><br>        Plaintiff,<br>vs.<br><br>CITY OF SAN JOSE, DANIEL PFEIFER, MARK NATIVIDAD, ANTHONY WEIR, OFFICER HIGGINS, Individually and as Employees of the CITY OF SAN JOSE, TARGET STORES, INC., WESTFIELD LLC., PROFESSIONAL SECURITY CONSULTANTS, and Does 1-10, Inclusive<br><br>        Defendants | Case Number:  5:07-CV-04987-JF<br><br>SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FALSE ARREST, BATTERY INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br><br>[DEMAND FOR JURY TRIAL] |

**I.**

**JURISDICTION**

1.     JURISDICTION.  Plaintiff brings this lawsuit pursuant to 42 U.S.C. Section 1983 to

redress the deprivation by defendants, at all times acting under color of state law, of rights

Van Zandt v. City of San Jose, et al.
Second Amended Complaint
U.S. Dist. Ct. – N. Cal. (San Jose)
Case No. 5:07-CV-04987-JF

Page 1 of 20

secured to Plaintiff under the United States Constitution, including the Fourth, and Fourteenth Amendments, and state law where applicable.

2. Jurisdiction is conferred on this Court by 28 U.S.C. section 1343 (3) and 1343 (4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. 1983. Jurisdiction is also conferred by 28 U.S.C. 1331 (a) because claims for relief derive from the United States Constitution and the laws of the United States. Jurisdiction of this Court over any claim for Declaratory Relief is conferred by 28 U.S.C. Section 2201.

3. This Court has supplemental jurisdiction over plaintiff's state law causes of action pursuant to 28 U.S.C. §1367(a).

## II

## PARTIES

4. Plaintiff THOMAS VAN ZANDT (hereinafter "VAN ZANDT") is an individual, who at all times relevant herein, was residing in Santa Clara, California.

5. Defendant CITY OF SAN JOSE (hereinafter "CITY") is a municipality, organized and operating under the laws of the State of California.

6. Defendant SAN JOSE POLICE DEPARTMENT ("S.J.P.D.") is a city governmental agency organized and existing pursuant to the law and policies of defendant CITY. S.J.P.D promulgated, encouraged, administered, and/or permitted, the policies, practices and procedures under which the individual defendant employees committed the acts or omissions complained of herein. Either intentionally or negligently, whether as a result of affirmative policies, practices, or procedures, or as a result of ineffective, non-existent, or inadequate training and education of employees, S.J.P.D caused or was otherwise responsible for the acts or omissions of said employees as complained of herein. Plaintiff hereby alleges that the

Van Zandt v. City of San Jose, et al.
Second Amended Complaint
U.S. Dist. Ct. – N. Cal. (San Jose)
Case No. 5:07-CV-04987-JF

Page 2 of 20

policies, practices, and/or procedures of CITY, as determined and effected by the individual defendants and other police officers of SJPD, constitute and/or engender a circumstance and/or environment of deliberate indifference to the rights and safety of citizens of the community. The entities CITY and S.J.P.D. are referred to interchangeably herein.

7. Defendant DANIEL PFEIFER (hereinafter "PFEIFER") is an individual, who at all times relevant herein, was a police officer employed by CITY.

8. Defendant MARK NATIVIDAD (hereinafter "NATIVIDAD") is an individual, who at all times relevant herein, was a police officer employed by CITY.

9. Defendant ANTHONY WEIR (hereinafter "WEIR") is an individual, who at all times relevant herein, was a police officer employed by CITY.

10. Defendant OFFICER HIGGINS (first name unknown at time of filing) is an individual, who at all times relevant herein, was a police officer employed by CITY.

11. Defendant SAMANTHA FEIN is an individual who, on information and belief, made the false allegation of child molestation to Target and/or mall security.

12. The Westfield Group is a publicly-traded company headquartered in Australia, with a United States headquarters in Los Angeles, California, and multiple locations throughout California. Plaintiff is informed and believes that WESTFIELD, LLC., is a sub-unit of The Westfield Group.

13. Plaintiff does not know the exact nature of the business structure of The Westfield Group, including a business unit thereof WESTFIELD, LLC., or the exact nature of the involvement of either in the operations of the Oakridge Mall shopping center.

14. Plaintiff does know that as of the date of this filing that the website for the Oakridge Mall (**http://westfield.com/oakridge/**) features the logo "Westfield Oakridge," and that the

website explains: "Operating on a global platform, The Westfield Group is an internally managed, vertically integrated shopping centre group."

15. Plaintiff is informed and believes and, based upon such information and belief, alleges that Defendant WESTFIELD, LLC., is the owner and/or operator of the Oakridge Mall shopping center in San Jose, California, where the events complained of herein took place.

16. As the employer(s) of the mall security guard defendants referred to herein, WESTFIELD, LLC. is liable for damages incurred by Plaintiff on the basis of respondeat superior.

17. Defendant PROFESSIONAL SECURITY CONSULTANTS, on Plaintiff's information and belief, is alleged to be an employee and/or independent contractor for/with WESTFIELD, LLC., providing security services to WESTFIELD, LLC., at the time and location of the incidents complained of herein. In the alternative, on Plaintiff's information and belief, the unknown mall security guard defendants were not employed by WESTFIELD, LLC., but rather were employed by PROFESSIONAL SECURITY CONSULTANTS.

18. Plaintiff is informed and believes that Defendant RYAN SCOTT (hereinafter "SCOTT") is an individual, who at all times relevant herein, was a security guard employed by PROFESSIONAL SECURITY CONSULTANTS and/or WESTFIELD, LLC.

19. Plaintiff is informed and believes that Defendant DANIEL GARCIA (hereinafter "GARCIA") is an individual, who at all times relevant herein, was a security guard employed by PROFESSIONAL SECURITY CONSULTANTS and/or WESTFIELD, LLC.

20. Plaintiff is informed and believes and, based upon such information and belief, alleges that at all times herein mentioned, each and every defendant was the agent and/or employee of their co-defendants, and was acting either in their individual capacity or in the scope, purpose

Van Zandt v. City of San Jose, et al.
Second Amended Complaint
U.S. Dist. Ct. – N. Cal. (San Jose)
Case No. 5:07-CV-04987-JF

Page 4 of 20

and authority of CITY and/or S.J.P.D. and/or WESTFIELD, LLC. and/or PROFESSIONAL SECURITY CONSULTANTS and/or in their employment or agency with named entities, and with the knowledge, permission, ratification, and/or consent of said co-defendants and/or entities.

21.   Plaintiff is informed and believes, and thereon alleges, that each of the named individual defendants herein, did knowingly and willingly, with a common intent and scheme set forth in further detail herein, conspire to injure plaintiff, and deprive plaintiff of his rights, liberties, and interests, as such rights are afforded him under the United States Constitution, and the California State Constitution, and conspired generally to damage said plaintiff and inflict great injury upon him, with the intent of causing, and so causing, a violation of his rights under the U.S. Constitution and/or California State Constitution, and the infliction of severe emotional distress and physical injury.

22.   Plaintiff has timely complied with the requirements of the Government Tort Claim Act (G.C. 900, et seq.) and his claim has been rejected with regard to the incident and circumstances complained of herein.

### III.

### FACTUAL ALLEGATIONS

23.   On November 26, 2006, VAN ZANDT, accompanied by his wife, three minor children and one adult son, went to the Oakridge Mall.  The entire family lunched at a restaurant in the mall and then split up to run various errands and go shopping in and around the mall.

24.   VAN ZANDT's wife and daughter went in one direction, to a salon, while VAN ZANDT took his young sons to a video game store near Target.  Both VAN ZANDT and his son Judah urgently needed to use a restroom and were informed by a mall employee

Van Zandt v. City of San Jose, et al.
Second Amended Complaint
U.S. Dist. Ct. – N. Cal. (San Jose)
Case No. 5:07-CV-04987-JF

Page 5 of 20

that the nearest one was in Target. Upon arriving at Target, VAN ZANDT and Judah noticed that the line was long for the men's restroom, so VAN ZANDT accompanied Judah to the family restroom, which was unoccupied.

25. VAN ZANDT and Judah returned to the video game store, where they remained for approximately thirty minutes, then continued to meander through the mall. Once they were ready to leave, VAN ZANDT noted that it was still raining. He instructed his sons to wait for him at the Spencer's store while he retrieved the car from the valet station.

26. VAN ZANDT's sons waited at Spencer's as instructed, VAN ZANDT paid for his parking, tipped the valet attendant, and entered his van, sitting in the driver's seat.

27. At some point between VAN ZANDT's leaving the Target restroom with his son and VAN ZANDT going to retrieve his car from the valet station, FEIN made the false report of child molestation.

28. Unbeknownst to VAN ZANDT, two men, believed to be SCOTT and GARCIA, approached the van from the rear. As VAN ZANDT began to close the van door SCOTT or GARCIA began to scream "get out of the car!," blocked VAN ZANDT from closing the door, reached in and grabbed VAN ZANDT's left arm with both hands, and aggressively twisted it while violently pulling VAN ZANDT out of the driver's seat and onto the ground next to the van. At no point did SCOTT or GARCIA identify themselves as mall security, nor did they appear to be in uniform of any sort. Fortunately, VAN ZANDT had not yet placed the van into gear.

29. SCOTT or GARCIA's action of grabbing and yanking VAN ZANDT's arm seriously injured VAN ZANDT's left shoulder. Furthermore, VAN ZANDT suffered lacerations to his head and hands, for which he later received a tetanus shot.

Van Zandt v. City of San Jose, et al.
Second Amended Complaint
U.S. Dist. Ct. – N. Cal. (San Jose)
Case No. 5:07-CV-04987-JF

Page 6 of 20

30. Meanwhile, several more employees gathered around VAN ZANDT's vehicle. Two identified themselves as mall security ("Doe 3" and "Doe 4") and the other two identified themselves as Target security ("Doe 5" and "6") VAN ZANDT recognized Doe 5 as a young woman (approximately 18 years old) who had been present when VAN ZANDT left the Target restroom with his son.

31. At the time Doe 5 saw VAN ZANDT and his son exiting the bathroom, his son was not behaving peculiarly, did not appear frightened, and was not crying.

32. VAN ZANDT expressed his obvious fright and confusion asking several times in rapid succession, "What are you doing?" In response, either SCOTT or GARCIA identified the himself and the other as "mall security," and informed VAN ZANDT that he was suspected of "an incident in Target." VAN ZANDT asked him, "What 'incident'?" but SCOTT or GARCIA refused to explain, saying only that the police had been notified and were en route, and SCOTT and GARCIA both told VAN ZANDT, while positioning themselves on either side of him, that he could not leave.

33. VAN ZANDT, a patent attorney, responded that it was his belief that the security guards committed an act of battery and when the police did not promptly appear, VAN ZANDT notified the police himself.

34. While waiting for the police to arrive, VAN ZANDT requested that the security guards at least detain him under the tarp covering the valet station. The guards refused, forcing the injured VAN ZANDT to stand in the cold rain.

35. VAN ZANDT then requested that the security guards take him to his children who were waiting at Spencer's, or at least page his wife so that the children would not be alone. The guards simply told VAN ZANDT to "shut up."

Van Zandt v. City of San Jose, et al.
Second Amended Complaint
U.S. Dist. Ct. – N. Cal. (San Jose)
Case No. 5:07-CV-04987-JF

Page 7 of 20

36. Upon arrival, the police officers initially ignored VAN ZANDT entirely, choosing instead to speak with the security guards, SCOTT and GARCIA. After a ten-minute-long conference with SCOTT and GARCIA, one of the S.J.P.D. officers informed VAN ZANDT that he was under investigation for child molestation. VAN ZANDT learned he was accused of taking a "little girl" into the Target washroom.

37. VAN ZANDT instantly realized the error that had been made: his young, long-haired son had been mistaken for a girl. He informed the police officers and security guards of this fact immediately, and explained that he had merely been assisting his son in the bathroom. VAN ZANDT told the officer his son was presumably still waiting at Spencer's with his other son and they need only ask him – also telling them that SCOTT and GARCIA had refused to allow him to get his children.

38. As the defendant S.J.P.D. officers went back to speak to SCOTT and GARCIA, VAN ZANDT repeated his plea to be removed from the downpour as he had been standing in it for a lengthy period of time, not less than 15 to 20 minutes at this point. In response to this request, one of the defendant S.J.P.D. officers told VAN ZANDT he would be placed in the patrol car. Following this statement the officer grabbed VAN ZANDT, led him to the patrol car, took VAN ZANDT's arms and moved them, placing VAN ZANDT's hands behind his head, and proceeded to frisk VAN ZANDT from head to toe, without requesting, much less obtaining, consent to perform the search.

39. Once seated in the back of the police car, VAN ZANDT watched as the police officers walked over to his vehicle and began to search VAN ZANDT's entire van. Although the officers were responding to an allegation of child-abduction and/or abuse (which VAN ZANDT only learned of later), they rummaged through VAN ZANDT's wife's purse, as well

Van Zandt v. City of San Jose, et al.
Second Amended Complaint
U.S. Dist. Ct. – N. Cal. (San Jose)
Case No. 5:07-CV-04987-JF

Page 8 of 20

as many of the van's small compartments, emptying the contents into the van. Again, VAN ZANDT's consent was not requested, much less obtained.

40.     During the course of VAN ZANDT's detention in the patrol car, yet another security guard approached the group, and explained that there had been a "mistake," and stated that holding VAN ZANDT was unnecessary. Nonetheless, the officers held VAN ZANDT for an additional forty minutes after the unknown security guard advised them of the fact that the alleged "little girl" that VAN ZANDT had taken into the bathroom was in fact his son, and there was no problem of any kind.

41.     The S.J.P.D. officers detained, interrogated, and prohibited VAN ZANDT from leaving, for a total of approximately eighty minutes, despite having been informed forty minutes into their investigation that an error had been made.

42.     Though his rights were never read to him, VAN ZANDT began insisting, within ten minutes after the officers had been advised of the error, that they cease interrogating him. In response, VAN ZANDT was threatened with physical violence and incarceration, and that he would be listed as a "suspicious person" for purposes of a child molestation claim if he refused to answer their questions any further.

43.     Simultaneously with VAN ZANDT's interrogation and the search of his vehicle, other police officers and security guards gathered VAN ZANDT's children and conducted an interrogation without either their mother (a criminal defense attorney) or father's consent or presence. VAN ZANDT even suggested, numerous times, that the police officers call his wife, but they refused to do so.

//

//

Van Zandt v. City of San Jose, et al.
Second Amended Complaint
U.S. Dist. Ct. – N. Cal. (San Jose)
Case No. 5:07-CV-04987-JF

Page 9 of 20

## IV.

## DAMAGES

44. As a result of the conduct of Defendants SCOTT and GARCIA (mall security), VAN ZANDT suffered serious and enduring physical injury to his shoulder for which he is still undergoing treatment.

45. Additionally, VAN ZANDT suffered pain, severe emotional distress and anxiety caused by the acts of all defendants, and as a result of the injury caused by SCOTT or GARCIA, missed one week of work and is continuing to undergo treatment. As a result, VAN ZANDT incurred lost wages, and is reasonably anticipated to incur further medical expenses and treatments and lost wages in the future.

46. For a significant period of time after the incident complained of hereinabove, VAN ZANDT could not enjoy almost any activity due to the malaise associated with his depressed emotional and psychological state, fear of further harassment and incarceration by the police, and loss of trust and respect for figures of authority in his community.

47. This incident also caused VAN ZANDT humiliation, embarrassment and loss of reputation in the community.

48. VAN ZANDT seeks an award of exemplary (punitive) damages pursuant to California Civil Code Section 3294 to make an example of and punish defendants, and in the hope of deterring future conduct of a similar nature. Defendants are guilty of oppression, fraud, or malice by way of the acts heretofore alleged.

//

//

//

Van Zandt v. City of San Jose, et al.
Second Amended Complaint
U.S. Dist. Ct. – N. Cal. (San Jose)
Case No. 5:07-CV-04987-JF

Page 10 of 20

## V.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983 - ARREST)**

[VAN ZANDT Against PFEIFER, WEIR, NATIVIDAD, HIGGINS]

49.  Plaintiff re-alleges, adopts, and incorporates as if set forth at length at this point, paragraphs 1 through 43, above.

50.  Plaintiff alleges the facts and circumstances set forth hereinabove constitute a cause of action, and set forth all necessary elements for a cause of action against defendants PFEIFER, WEIR, NATIVIDAD, and HIGGINS, for a violation of his constitutional rights under the 4th Amendment of the U.S. Constitution, with regard to the unlawful arrest and detention of his person, and Plaintiff further alleges said arrest was without consent, probable cause, an arrest warrant, or exigent circumstances.

51.  VAN ZANDT re-alleges the allegations of paragraphs 44 through 47 at this point as said damages relate to a cause of action for a violation of his civil rights for a warrantless arrest, as stated.

52.  The punitive damage allegations of paragraph 48 apply in this cause of action to defendants PFEIFER, WEIR, NATIVIDAD and HIGGINS.

### SECOND CAUSE OF ACTION

**VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983 – SEARCH OF PERSON)**

[VAN ZANDT Against PFEIFER, WEIR, NATIVIDAD, HIGGINS]

53.  Plaintiff re-alleges, adopts, and incorporates as if set forth at length at this point, paragraphs 1 through 43, above.

Van Zandt v. City of San Jose, et al.
Second Amended Complaint
U.S. Dist. Ct. – N. Cal. (San Jose)
Case No. 5:07-CV-04987-JF

Page 11 of 20

54. Plaintiff alleges the facts and circumstances set forth hereinabove constitute a cause of action, and set forth all necessary elements for a cause of action against defendants PFEIFER, WEIR, NATIVIDAD, and HIGGINS, for a violation of his constitutional rights under the 4th Amendment of the U.S. Constitution, with regard to the unlawful search of his person, and Plaintiff further alleges said search was without consent, probable cause, a search warrant, or exigent circumstances.

55. VAN ZANDT re-alleges the allegations of paragraphs 44 through 47 at this point as said damages relate to a cause of action for a violation of his civil rights for a warrantless search of his person, as stated.

56. The punitive damage allegations of paragraph 48 apply in this cause of action to Defendants PFEIFER, WEIR, NATIVIDAD and HIGGINS.

### THIRD CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983 – SEARCH OF VEHICLE)

[VAN ZANDT Against PFEIFER, WEIR, NATIVIDAD, HIGGINS]

57. Plaintiff re-alleges, adopts, and incorporates as if set forth at length at this point, paragraphs 1 through 43, above.

58. Plaintiff alleges the facts and circumstances set forth hereinabove constitute a cause of action, and set forth all necessary elements for a cause of action against defendants PFEIFER, WEIR, NATIVIDAD, and HIGGINS, for a violation of his constitutional rights under the 4th Amendment of the U.S. Constitution, with regard to the unlawful search of his vehicle, and Plaintiff further alleges said search was without consent, probable cause, a search warrant, or exigent circumstances.

Van Zandt v. City of San Jose, et al.
Second Amended Complaint
U.S. Dist. Ct. – N. Cal. (San Jose)
Case No. 5:07-CV-04987-JF

Page 12 of 20

59. Plaintiff re-alleges the allegations of paragraphs 44 through 47 at this point as said damages relate to a cause of action for a violation of his civil rights for a warrantless search of his vehicle, as stated.

60. The punitive damage allegations of paragraph 48 apply in this cause of action to defendants PFEIFER, WEIR, NATIVIDAD and HIGGINS.

## FOURTH CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS (C.C. 52.1 Banes Civil Rights Act)

[VAN ZANDT Against PFEIFER, WEIR, NATIVIDAD, HIGGINS, SCOTT and GARCIA]

61. Plaintiff re-alleges, adopts, and incorporates as if set forth at length at this point, paragraphs 1 through 43 above.

62. Plaintiff alleges the facts and circumstances set forth hereinabove, and allegations herein below, constitute a cause of action and set forth all necessary elements for a cause of action against each individually named defendant, for a violation of Plaintiff's rights pursuant to the Thomas Banes Act, (California Civil Code §52, §52.1, et seq.).

63. Defendants, in conducting the false and warrantless arrest, detention, and search of Plaintiff's person and vehicle as complained of herein, did violate Plaintiff's California and United States Constitutional rights to freedom from unreasonable search and/or seizure. Said actions were accompanied by duress and undue influence, and carried out with violence and threats of violence and incarceration.

64. The acts of said defendants that are alleged in this complaint interfered or attempted to interfere with the exercise of Plaintiff's rights under Civil Code Sections §43, §52, and §52.1, thereby entitling Plaintiff to compensatory and punitive damages, a statutory civil penalty of

Van Zandt v. City of San Jose, et al.
Second Amended Complaint
U.S. Dist. Ct. – N. Cal. (San Jose)
Case No. 5:07-CV-04987-JF

Page 13 of 20

$25,000.00 from each of said defendants, and attorneys' fees, all of which are provided for in Civil Code §52.1(b) and are hereby requested.

65.  In doing the acts alleged in this complaint, defendants knew or should have known, that their actions were likely to injure Plaintiff, and Plaintiff is informed and believes, and thereon alleges, that the named police officer defendants, and SCOTT and GARCIA, intended to cause injury to Plaintiff and acted with a willful and conscious disregard of Plaintiff's rights as secured by Civil Code §52.1, thus entitling Plaintiff to recover punitive damages pursuant to Civil Code §52(b)(1).

66.  VAN ZANDT re-alleges the allegations of paragraphs 44 through 47 at this point as said damages relate to a cause of action for a violation of his civil rights for a warrantless arrest and imprisonment of his person, as stated.

67.  The punitive damage allegations of paragraph 48 apply in this cause of action to defendants PFEIFER, WEIR, NATIVIDAD, HIGGINS, SCOTT and GARCIA.

### FIFTH CAUSE OF ACTION

### BATTERY

[VAN ZANDT Against SCOTT and GARCIA]

68.  VAN ZANDT re-alleges and incorporates paragraphs 1 through 43 above as though fully set forth at this point, as they relate to a cause of action for battery.

69.  SCOTT or GARCIA intentionally made offensive physical contact with VAN ZANDT, including grabbing and twisting his arm, and pulling him out of his car.  VAN ZANDT did not at any time consent to any physical contact with his person by defendants.

70.  VAN ZANDT re-alleges the allegations of paragraphs 44 through 47 at this point as said damages relate to a cause of action for battery.

Van Zandt v. City of San Jose, et al.
Second Amended Complaint
U.S. Dist. Ct. – N. Cal. (San Jose)
Case No. 5:07-CV-04987-JF

Page 14 of 20

71. The punitive damage allegations of paragraph 48 apply in this cause of action to SCOTT and GARCIA.

### SIXTH CAUSE OF ACTION

### BATTERY

[VAN ZANDT Against PFEIFER, WEIR, NATIVIDAD, HIGGINS]

72. VAN ZANDT re-alleges and incorporates paragraphs 1 through 43 above as though fully set forth at this point, as they relate to a cause of action for battery.

73. One of the defendant S.J.P.D. officers intentionally made offensive physical contact with VAN ZANDT, including placing VAN ZANDT's hands upon his head, putting handcuffs on him, and frisking him. VAN ZANDT did not at any time consent to any physical contact with his person by any defendant.

74. VAN ZANDT re-alleges the allegations of paragraphs 44 through 47 at this point as said damages relate to a cause of action for battery.

75. The punitive damage allegations of paragraph 48 apply in this cause of action to the defendant S.J.P.D. officer that committed the acts referred to in paragraph 38.

### SEVENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

[Plaintiff Against All Defendants]

76. VAN ZANDT re-alleges and incorporate paragraphs 1 through 43, and 89 through 95 inclusive, as though fully set forth at this point, as they relate to a claim for a cause of action for intentional infliction of emotional distress.

Van Zandt v. City of San Jose, et al.
Second Amended Complaint
U.S. Dist. Ct. – N. Cal. (San Jose)
Case No. 5:07-CV-04987-JF

Page 15 of 20

77. VAN ZANDT alleges the facts and circumstances set forth hereinabove, and allegations herein below, constitute a cause of action, and set forth all necessary elements for a cause of action against defendants for intentional infliction of emotional distress.

78. VAN ZANDT alleges that in undertaking the actions and making the statements to VAN ZANDT set forth hereinabove, upon stopping VAN ZANDT allegedly on suspicion of child molestation, for failing to allow VAN ZANDT to retrieve his children and refusing to notify their mother that they were alone and for interrogating VAN ZANDT's children, the defendants intended to cause VAN ZANDT severe emotional distress and/or acted with reckless disregard for the likelihood of causing VAN ZANDT severe emotional distress, and said emotional distress did in fact occur as a result.

79. VAN ZANDT re-alleges the allegations of paragraphs 44 through 47 at this point as said damages relate to a cause of action for intentional infliction of emotional distress.

80. The punitive damage allegations of paragraph 48 apply in this cause of action to all individual defendants.

## EIGHTH CAUSE OF ACTION

## FALSE ARREST / IMPRISONMENT

[Plaintiff Against All Defendants]

81. VAN ZANDT re-alleges and incorporates paragraphs 1 through 43, inclusive, as they relate to a cause of action for false arrest and/or imprisonment.

82. The defendants intentionally and unlawfully exercised the threat of force and used actual force and menace in order to restrain, detain and otherwise confine VAN ZANDT for an appreciable period of time. VAN ZANDT did not knowingly or willingly consent to such

Van Zandt v. City of San Jose, et al.
Second Amended Complaint
U.S. Dist. Ct. – N. Cal. (San Jose)
Case No. 5:07-CV-04987-JF

Page 16 of 20

restraint or detention, nor was such restraint and/or detention accomplished through a valid warrant, or in the context of exigent circumstances excusing the procurement of a warrant.

83. VAN ZANDT re-alleges the allegations of paragraphs 44 through 47 at this point as said damages relate to a cause of action for false arrest / imprisonment.

84. The punitive damage allegations of paragraph 48 apply in this cause of action to all individual defendants.

### NINTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

[Plaintiff Against All Defendants]

85. Plaintiff re-alleges and incorporate paragraphs 1 through 43, and 89 through 95 inclusive, as though fully set out at this point, as they relate to a cause of action for negligent infliction of emotional distress.

86. Defendants had a duty to act reasonably under the circumstances, and in interrogating and detaining VAN ZANDT, accusing VAN ZANDT of being a child molester, refusing to allow VAN ZANDT to retrieve his children, and placing him into a patrol car with unnecessary and unwarranted force, without any basis in fact or objective circumstances justifying or otherwise validating their actions, said defendants acted unreasonably under the circumstances and caused VAN ZANDT the damages set forth in paragraphs 44 through 47.

### TENTH CAUSE OF ACTION

### VIOLATION OF STATUTE

[Plaintiff Against FEIN]

87. Plaintiff re-alleges and incorporate paragraphs 1 through 43, inclusive, as though fully set out at this point, as they relate to a cause of action for violation of Penal Code § 11172.

Van Zandt v. City of San Jose, et al.
Second Amended Complaint
U.S. Dist. Ct. – N. Cal. (San Jose)
Case No. 5:07-CV-04987-JF

Page 17 of 20

88. At all times mentioned, California Penal Code § 11172 provided in pertinent part that: "*Any person who makes a report of child abuse known to be false or with reckless disregard of the truth of falsity of the report is liable for any damages caused.*" (emphasis added)

89. On or about November 26, 2006 Defendant FEIN made a child abuse report to Target security personnel alleging that she witnessed an incident of child abuse in the family restroom at Target. She repeated the allegations to SJPD officer defendants as well. Her claims were directed to VAN ZANDT, and alleged as acts of abuse against his son while in the bathroom.

90. FEIN's statement was made with knowledge that it was false, or with reckless disregard for the truth thereof. FEIN reported that she observed Plaintiff acting nervously as he exited the restroom. FEIN also alleged that Plaintiff had an erection upon exiting the restroom, paced about nervously while waiting for his child to exit and then guided the child away from the bathroom.

91. In fact, FEIN could not have witnessed much if any of the above-mentioned behavior. Upon information and belief, FEIN'S observation of, and interaction with Plaintiff was limited to Plaintiff's informing her that someone was in the family restroom unit. Plaintiff then stepped away from the hallway in which the Target restrooms are located. At that point, FEIN entered the women's bathroom.

92. FEIN remained in the women's restroom at the time Plaintiff's son exited the family bathroom. FEIN could not have witnessed an agitated twelve year old girl as she claimed because Plaintiff's ten year old son walked away from the area where the restrooms were located before FEIN exited the women's bathroom. The report and claims made by Defendant FEIN were made with knowledge that they were false, and/or in reckless disregard for the truth or falsity thereof.

93. As a direct legal and proximate cause of Defendant FEIN'S false child abuse reports, Plaintiff was subjected to an unwarranted and intrusive search of his person, and of his vehicle.

94. As a further and proximate cause of the Defendant FEIN'S outrageous conduct, Plaintiff suffered and continues to suffer, mental, psychological and emotional distress.

95. The aforementioned conduct of Defendant FEIN was knowing, deliberate, willful, malicious, cruel and in conscious disregard of the truth. Plaintiff therefore seeks exemplary and punitive damages against Defendant FEIN.

96. VAN ZANDT re-alleges the allegations of paragraphs 44 through 47 at this point as said damages relate to a cause of action for violation of statute.

97. The punitive damage allegations of paragraph 48 apply in this cause of action to Defendant FEIN.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.) Award general, special and compensatory damages in an amount to be proven at trial.

2.) Award punitive damages against all individual defendants, and each of them, for their extreme and outrageous conduct in complete disregard for the rights of the plaintiff;

3.) Award statutory damages and/or attorney fees against all defendants as allowed under California Civil Code section 52.1 et seq.; and attorney fees as allowed under 42 U.S.C. 1988 and C.C.P. 1021.5.

4.) Grant plaintiff such other and further relief as the Court may deem just and proper.

Dated: April __, 2008               /s/ Dennis R. Ingols
                                    DENNIS R. INGOLS, ESQ.
                                    Attorney for Plaintiff
                                    THOMAS VAN ZANDT

Van Zandt v. City of San Jose, et al.
Second Amended Complaint
U.S. Dist. Ct. – N. Cal. (San Jose)
Case No. 5:07-CV-04987-JF

Page 19 of 20

[PLAINTIFF DEMANDS JURY TRIAL]

Dated: April __, 2008                             /s/ Dennis R. Ingols
                                                    DENNIS R. INGOLS, ESQ.
                                                    Attorney for Plaintiff
                                                    THOMAS VAN ZANDT