RICHARD DOYLE, City Attorney (#88625)
NORA FRIMANN, Chief Trial Attorney (#93249)
MICHAEL R. GROVES, Sr. Deputy City Attorney (#85620)
STEVEN B. DIPPELL, Sr. Deputy City Attorney (#121217)
Office of the City Attorney
200 East Santa Clara Street
San Jose, California  95113-1905
Telephone:  (408) 535-1900
Facsimile:   (408) 998-3131
Email:        cao.main@sanjoseca.gov

Attorneys for Defendants
CITY OF SAN JOSE, OFFICER DANIEL PFEIFER, OFFICER MARK NATIVIDAD,
OFFICER ANTHONY WEIR, and OFFICER HIGGINS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| THOMAS VAN ZANDT,<br><br>          Plaintiff,<br><br>vs.<br><br>CITY OF SAN JOSE, OFFICERS DANIEL PFEIFER, MARK NATIVIDAD, ANTHONY WEIR, and HIGGINS, individually and as employees of the CITY OF SAN JOSE, TARGET STORES, INC., THE WESTFIELD GROUP, PROFESSIONAL SECURITY CONSULTANTS, and DOES 1-10, Inclusive,<br><br>          Defendants. | CASE NO.:  C07-04987 JF<br><br>**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FALSE ARREST, BATTERY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br><br>**JURY TRIAL DEMANDED** |
|---|---|

    In answer to the Second Amended Complaint on file herein, Defendants, CITY OF SAN JOSE, OFFICER DANIEL PFEIFER, OFFICER MARK NATIVIDAD, OFFICER ANTHONY WEIR, and OFFICER HIGGINS, respond as follows:

    1.    In answer to Paragraph 1 of the Second Amended Complaint, these answering Defendants deny each and every allegation contained therein.

    2.    In answer to Paragraphs 2 and 3 of the Second Amended Complaint, these answering Defendants admit the allegations contained therein.

1

3.  In answer to Paragraphs 4 and 11 of the Second Amended Complaint, these answering Defendants do not have sufficient information and belief to respond to said allegations and so deny said allegations.

4.  In answer to Paragraphs 5 and 20 of the Second Amended Complaint, these answering Defendants admit the allegations contained therein.

5.  In answer to Paragraph 6 of the Second Amended Complaint, these answering Defendants admit that the San Jose Police Department is a department of the City of San Jose and that the San Jose Police Department operates under the laws and policies of the City. As to all of the other allegations in said paragraph, these answering Defendants deny each and every allegation contained therein.

6.  In answer to Paragraphs 7 through 10 of the Second Amended Complaint, these answering Defendants admit the allegations contained therein.

7.  In answer to Paragraphs 12 through 19 of the Second Amended Complaint, these answering Defendants do not have sufficient information and belief to respond to said allegations and so deny said allegations.

8.  In answer to Paragraphs 20 and 21 of the Second Amended Complaint, these answering Defendants deny each and every allegation contained therein.

9.  In answer to Paragraphs 22 through 32 of the Second Amended Complaint, these answering Defendants do not have sufficient information and belief to respond to said allegations and so deny said allegations.

10. In answer to Paragraph 33 of the Second Amended Complaint, these answering Defendants admit that Van Zandt requested the San Jose Police Department to respond to the scene of the incident, but these answering Defendants do not have sufficient information and belief to respond to the remainder of the allegations in said paragraph and so deny said allegations.

11. In answer to Paragraphs 34 and 35 of the Second Amended Complaint, these answering Defendants do not have sufficient information and belief to respond to said allegations and so deny said allegations.

12. In answer to Paragraph 36 of the Second Amended Complaint, these answering Defendants admit that upon arriving on the scene some of the San Jose Police Officers spoke initially with the security guards for some period of time before speaking to Mr. Van Zandt. Defendants further admit that at some point during the incident Mr. Van Zandt inquired as to why police were speaking with him and he was told that he was being questioned regarding the possibility of child molestation. As to all other allegations and characterizations by Plaintiff of the facts revealed in said paragraph, these answering Defendants deny each and every allegation contained therein.

13. In answer to Paragraph 37 of the Second Amended Complaint, these answering Defendants respond as follows: As to the first sentence in said paragraph, these answering Defendants do not have sufficient information and belief to respond to said allegations and so deny said allegations; as to the second sentence of said paragraph, these answering Defendants acknowledge that at some point during the incident Plaintiff informed them that he had been assisting his son in the bathroom; as to all of the remaining allegations in said paragraph, these answering Defendants deny each and every allegation contained therein.

14. In answer to Paragraph 38 of the Second Amended Complaint, these answering Defendants admit that Plaintiff expressed the desire to be placed under shelter from the rain and that, pursuant to that request, Defendants gave Plaintiff the option to be placed in the back of a patrol car. Defendants further admit that Plaintiff was walked to the patrol car and frisked after being informed that such a frisk would have to take place if he chose to sit in the back of the police car; as to all of the other allegations and characterizations of the facts contained in said paragraph, these answering Defendants deny each and every allegation contained therein.

15. In answer to Paragraph 39 of the Second Amended Complaint, these answering Defendants respond as follows: As to the first sentence of said paragraph, these answering Defendants do not have sufficient information and belief to respond to said allegations and so deny said allegations; as to the second and third sentences of said

1  paragraph, these answering Defendants admit that Plaintiff's van was searched, as well as
2  a purse in the van, and that Van Zandt's consent was neither requested or obtained for the
3  search; as to all other allegations and characterizations of the facts contained in the
4  second and third sentences of said paragraph, these answering Defendants deny each
5  and every allegations contained therein.

6   16.   In answer to Paragraph 40 of the Second Amended Complaint, these
7  answering Defendants respond as follows; as to the first sentence of said paragraph, these
8  answering Defendants deny each and every allegation contained therein; as to the second
9  sentence of said paragraph, these answering Defendants admit that Van Zandt was in the
10 presence of San Jose Police Officers while they investigated the incident for approximately
11 sixty to eighty minutes and that, at some point, the officers learned that the child, who was
12 originally reported to have been a little girl, was actually a little boy; as to the remainder of
13 the allegations and characterizations contained in the second sentence of said paragraph,
14 these answering Defendants deny each and every allegation contained therein.

15  17.   In answer to Paragraph 41 of the Second Amended Complaint, these
16 answering Defendants admit that Plaintiff was detained, interrogated, and not able to leave
17 the scene if he so chose for somewhere between approximately sixty to eighty minutes.
18 As to the remainder of the allegations and characterizations of the facts in said paragraph,
19 these answering Defendants deny each and every allegation contained therein.

20  18.   In answer to Paragraph 42 of the Second Amended Complaint, these
21 answering Defendants admit that Plaintiff was not Mirandized and the Plaintiff was told,
22 because he was refusing to cooperate and answer the officers questions, he might be
23 arrested and taken to jail in light of the citizens allegations against him and all of the other
24 circumstances surrounding the incident, unless he answered the officers questions
25 regarding the allegation made against him by the citizen and the location of the minor.  As
26 to all of the other allegations and characterizations of the facts contained in said
27 paragraph, these answering defendants deny each and every allegation contained therein.
28

Defendants' Answer to 2nd Amended Complaint
C07-04987 JF

485350

19. In answer to Paragraph 43 of the Second Amended Complaint, these answering Defendants admit that in addition to interrogating Van Zandt and searching his vehicle at some point, when Van Zandt's family was finally located, the officers questioned Van Zandt's children out of the presence of Van Zandt and his wife without seeking the consent for the questioning from either Van Zandt or his wife. As to all the other allegations and characterizations of facts in said paragraph, these answering Defendants deny each and every allegation contained therein.

20. In answer to Paragraph 44 of the Second Amended Complaint, these answering Defendants do not have sufficient information and belief to respond to said allegations and so deny said allegations.

21. In answer to Paragraphs 45 through 48 of the Second Amended Complaint, these answering Defendants deny each and every allegation contained therein.

22. In answer to Paragraph 49 of the Second Amended Complaint, these answering Defendants hereby incorporate Paragraphs 1 through 21 above.

23. In answer to Paragraphs 50 through 52 of the Second Amended Complaint, these answering Defendants deny each and every allegation contained therein.

24. In answer to Paragraphs 53, 57, 61, 66, 68, 72, 76, 81 and 85, these answering Defendants hereby incorporate Paragraphs 1 through 24 above.

25. In answer to Paragraphs 50 through 52, 54 through 56, 58 through 60, 62 through 67, 69 through 71, 73 through 75, 77 through 80, 82 through 84, these answering Defendants deny each and every allegation contained therein.

26. In answer to Paragraph 86 of the Second Amended Complaint, these answering Defendants admit they had a duty to act reasonably under the circumstances. As to all other allegations and characterizations of the facts as contained in said paragraph, these answering Defendants deny each and every allegation contained therein.

27. In answer to Paragraphs 87 through 97 of Plaintiff's Second Amended Complaint, these answering Defendants do not have sufficient information and belief to respond to said allegations and so deny said allegations except as to the second sentence

of Paragraph 89, which these answering Defendants admit since Defendant Fein made molest allegations to some of these answering Defendants.

28. In answer to Plaintiff's Prayer for Relief, to the extent said Prayer for Relief contain allegations and factual claims, these answering Defendants deny each and every allegation and claim contained therein.

**AFFIRMATIVE DEFENSES**

AS AND FOR A FIRST AFFIRMATIVE DEFENSE, these answering Defendants allege that the Second Amended Complaint fails to state a claim upon which relief can be granted.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE, these answering Defendants allege that any harm Plaintiff suffered was the result of negligent or otherwise wrongful conduct of persons other than these Defendants and that the conduct of persons other than these Defendants were the sole and proximate cause of the injuries and damages alleged by Plaintiff.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE, these answering Defendants allege that all actions taken were undertaken in good faith and with a reasonable belief that the actions were valid, necessary, constitutionally proper and objectively reasonable for a police officer in the same circumstances, entitling the individual Defendants to the qualified immunity of good faith.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from the state law causes of action pursuant to Government Code §§ 800-1000.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, these answering Defendants allege they are immune from the state law causes of action pursuant to Government Code §§ 815.2(b) and 820.8 granting immunity for an injury caused by the act or omission of another person.

1   AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, these answering Defendants
2 allege that Plaintiffs' Second Amended Complaint is barred in that Plaintiff failed to comply
3 with the claims filing provisions of Government Code § 900, et seq.
4   AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, these answering Defendants
5 allege that Plaintiffs' Second Amended Complaint is barred by the applicable statutes of
6 limitation.
7   AS FOR AN EIGHTH AFFIRMATIVE DEFENSE, these answering Defendants
8 allege that Plaintiffs' own negligent and improper conduct was the sole and proximate
9 cause of whatever injuries and damages Plaintiff alleges, if any injuries and damages there
10 are.
11   AS FOR A NINTH AFFIRMATIVE DEFENSE, these answering Defendants allege
12 that the individual Defendants are entitled to immunity from Plaintiffs' Second Amended
13 Complaint by virtue of the provisions of Government Code of the State of California, §§
14 800 through 1000, including, but not limited to §§ 820.2, 820.4, 820.6, 820.8, 821, 821.6
15 and 822.2.
16   AS FOR A TENTH AFFIRMATIVE DEFENSE, these answering Defendants allege
17 that their actions towards Plaintiff were lawful and justified under the facts of the case.
18   AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE, these answering Defendants
19 allege that they are protected by the affirmative defenses provided by California Penal
20 Code §§ 197, 834(a), 835 and 835(a).
21   AS FOR A TWELFTH AFFIRMATIVE DEFENSE, these answering Defendants
22 allege that the allegations made by the citizen, Plaintiff's lack of cooperation with the
23 investigation and what Defendants learned from the security officers at the scene created
24 an exigency which legally justified the detention and questioning of Plaintiff as well as the
25 search of Plaintiff's vehicle and its contents.
26   AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE, these answering Defendants
27 allege that the frisk of Plaintiff was legally justifiable and consented to by Plaintiff.
28

AS FOR A FORTEENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that any damages or injuries suffered by Plaintiff were occasioned by his own wrongful actions.

AS FOR A FIFTHEENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that Defendant City of San Jose is entitled to immunity from Plaintiff's Complaint herein by virtue of the provisions of Government Code §§ 800-1000, including, but not limited to, §§ 815, 815.2, 815.6, 818, 818.2, 818.8, 844.6 and 845.

AS FOR A SIXTHTEEN AFFIRMATIVE DEFENSE, these answering Defendants allege that Defendant City of San Jose is immune from a claim of exemplary or punitive damages by virtue of Government Code § 818.

AS FOR A SEVENTEETH AFFIRMATIVE DEFENSE, these answering Defendants allege that the individual Defendants have no liability and are immune from claims of false arrest and subsequent false imprisonment pursuant to Penal Code § 847.

AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, these answering Defendants allege they had reasonable cause to detain Plaintiff based on their knowledge and observations at the time of the incident alleged in the Complaint.

//
//
//
//
//
//
//
//
//
//
//
//

Defendants' Answer to 2nd Amended Complaint
C07-04987 JF

485350

WHEREFORE, these answering Defendants pray:

1. That Plaintiff takes nothing by his Amended Complaint;
2. That Plaintiff's Second Amended Complaint be dismissed with prejudice;
3. That Defendants be awarded their costs of suit, including attorney's fees incurred herein; and
4. For such other and further relief as the Court deems proper.

## JURY TRIAL DEMAND

These answering Defendants hereby demand a jury.

Dated: June 5, 2008

RICHARD DOYLE
City Attorney


By: _____/s/_____
    MICHAEL R. GROVES
    Senior Deputy City Attorney


Attorneys for Defendants
CITY OF SAN JOSE, OFFICER PFEIFER, OFFICER NATIVIDAD, OFFICER WEIR, and OFFICER HIGGINS