DAVID J. STOCK (SBN 85655)
JON A. HEABERLIN (SBN 199810)
**RANKIN, LANDSNESS, LAHDE, SERVERIAN & STOCK**
96 No. Third Street, Suite 500
San Jose, California 95112
Telephone : (408) 293-0463
Facsimile : (408) 293-9514

Attorneys for Defendant
SAMANTHA FEIN

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS VAN ZANDT,

Plaintiffs,

vs.

CITY OF SAN JOSE, DANIEL PFEIFER, MARK NATIVDAD, ANTHONY WEIR, OFFICER HIGGINS, Individually and as Employees of the CITY OF SAN JOSE, TARGET STORES, INC., WESTFIELD LL., PROFESSIONAL SECURITY CONSULTANTS, and Does 1-10, Inclusive,

Defendants.

Case No. 5:07-CV-04987-JF

**DEFENDANT SAMANTHA FEIN'S ANSWER TO SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FALSE ARREST, BATTERY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Defendant SAMANTHA FEIN answers *Plaintiff's Second Amended Complaint for Violation of Civil Rights, False Arrest, Battery, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress* as follows:

## I. JURISDICTION

1. In answer to Paragraph 1 of the Second Amended Complaint, Defendant acknowledges the jurisdiction of the United States District Court as it relates to the claims stated therein.

2. In answer to Paragraph 2 of the Second Amended Complaint, Defendant

acknowledges the jurisdiction of the United States District Court as it relates to the claims stated therein.

3. In answer to Paragraph 3 of the Second Amended Complaint, Defendant denies that supplemental jurisdiction is appropriate by the United States District Court over the claims by Plaintiff against her.

## II. PARTIES

4. In answer to Paragraph 4 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

5. In answer to Paragraph 5 of the Second Amended Complaint, Defendant admits the allegations therein.

6. In answer to Paragraph 6 of the Second Amended Complaint, Defendant admits that the San Jose Police Department is a city governmental entity, but lacks sufficient information to respond to the remaining allegations, and accordingly denies them.

7. In answer to Paragraph 7 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

8. In answer to Paragraph 8 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

9. In answer to Paragraph 9 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

10. In answer to Paragraph 10 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

11. In answer to Paragraph 11 of the Second Amended Complaint, Defendant

admits that she is an individual who reported behavior that was of concern to her to Target security personnel, but denies making any false allegations.

12. In answer to Paragraph 12 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

13. In answer to Paragraph 13 of the Second Amended Complaint, there are no charging allegations upon which to respond.

14. In answer to Paragraph 14 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

15. In answer to Paragraph 15 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

16. In answer to Paragraph 16 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

17. In answer to Paragraph 17 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

18. In answer to Paragraph 18 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

19. In answer to Paragraph 19 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

20. In answer to Paragraph 20 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

21. In answer to Paragraph 21 of the Second Amended Complaint, Defendant denies the allegations contained therein.

22. In answer to Paragraph 22 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

**III. FACTUAL ALLEGATIONS**

23. In answer to Paragraph 23 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

24. In answer to Paragraph 24 of the Second Amended Complaint, Defendant admits that two individuals who now appear to be Plaintiff Van Zandt and his son Judah, occupied the Target restroom at the same time. As to the remainder of the allegations, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

25. In answer to Paragraph 25 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

26. In answer to Paragraph 26 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

27. In answer to Paragraph 27 of the Second Amended Complaint, Defendant denies the allegations contained therein.

28. In answer to Paragraph 28 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

29. In answer to Paragraph 29 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

30. In answer to Paragraph 30 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

31. In answer to Paragraph 31 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

32. In answer to Paragraph 32 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

33. In answer to Paragraph 33 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

34. In answer to Paragraph 34 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

35. In answer to Paragraph 35 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

36. In answer to Paragraph 36 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

37. In answer to Paragraph 37 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

38. In answer to Paragraph 38 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

39. In answer to Paragraph 39 of the Second Amended Complaint, Defendant

does not have sufficient information to respond, and accordingly denies the allegations stated therein.

40. In answer to Paragraph 40 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

41. In answer to Paragraph 41 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

42. In answer to Paragraph 42 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

43. In answer to Paragraph 43 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

## IV. DAMAGES

44. In answer to Paragraph 44 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

45. In answer to Paragraph 45 of the Second Amended Complaint, Defendant denies the allegations contained therein.

46. In answer to Paragraph 46 of the Second Amended Complaint, Defendant denies the allegations contained therein.

47. In answer to Paragraph 47 of the Second Amended Complaint, Defendant denies the allegations contained therein.

48. In answer to Paragraph 48 of the Second Amended Complaint, Defendant denies the allegations contained therein.

## V. CAUSES OF ACTION

49. In answer to Paragraph 49 of the Second Amended Complaint, there are no

charging allegations upon which to respond.

50. In answer to Paragraph 50 of the Second Amended Complaint, Defendant denies the allegations contained therein.

51. In answer to Paragraph 51 of the Second Amended Complaint, there are no charging allegations upon which to respond.

52. In answer to Paragraph 52 of the Second Amended Complaint, Defendant denies the allegations contained therein.

53. In answer to Paragraph 53 of the Second Amended Complaint, there are no charging allegations upon which to respond.

54. In answer to Paragraph 54 of the Second Amended Complaint, Defendant denies the allegations contained therein.

55. In answer to Paragraph 55 of the Second Amended Complaint, there are no charging allegations upon which to respond.

56. In answer to Paragraph 56 of the Second Amended Complaint, Defendant denies the allegations contained therein.

57. In answer to Paragraph 57 of the Second Amended Complaint, there are no charging allegations upon which to respond.

58. In answer to Paragraph 58 of the Second Amended Complaint, Defendant denies the allegations contained therein.

59. In answer to Paragraph 59 of the Second Amended Complaint, Defendant denies the allegations contained therein.

60. In answer to Paragraph 60 of the Second Amended Complaint, Defendant denies the allegations contained therein.

61. In answer to Paragraph 61 of the Second Amended Complaint, there are no charging allegations upon which to respond.

62. In answer to Paragraph 62 of the Second Amended Complaint, Defendant denies the allegations contained therein.

63. In answer to Paragraph 63 of the Second Amended Complaint, Defendant

denies the allegations contained therein.

64. In answer to Paragraph 64 of the Second Amended Complaint, Defendant denies the allegations contained therein.

65. In answer to Paragraph 65 of the Second Amended Complaint, Defendant denies the allegations contained therein.

66. In answer to Paragraph 66 of the Second Amended Complaint, there are no charging allegations upon which to respond.

67. In answer to Paragraph 67 of the Second Amended Complaint, Defendant denies the allegations contained therein.

68. In answer to Paragraph 68 of the Second Amended Complaint, there are no charging allegations upon which to respond.

69. In answer to Paragraph 69 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

70. In answer to Paragraph 70 of the Second Amended Complaint, there are no charging allegations upon which to respond.

71. In answer to Paragraph 71 of the Second Amended Complaint, Defendant denies the allegations contained therein.

72. In answer to Paragraph 72 of the Second Amended Complaint, there are no charging allegations upon which to respond.

73. In answer to Paragraph 73 of the Second Amended Complaint, Defendant does not have sufficient information to respond, and accordingly denies the allegations stated therein.

74. In answer to Paragraph 74 of the Second Amended Complaint, there are no charging allegations upon which to respond.

75. In answer to Paragraph 75 of the Second Amended Complaint, Defendant denies the allegations contained therein.

76. In answer to Paragraph 76 of the Second Amended Complaint, there are no

charging allegations upon which to respond.

77. In answer to Paragraph 77 of the Second Amended Complaint, Defendant denies the allegations contained therein.

78. In answer to Paragraph 78 of the Second Amended Complaint, Defendant denies the allegations contained therein.

79. In answer to Paragraph 79 of the Second Amended Complaint, there are no charging allegations upon which to respond.

80. In answer to Paragraph 80 of the Second Amended Complaint, Defendant denies the allegations contained therein.

81. In answer to Paragraph 81 of the Second Amended Complaint, there are no charging allegations upon which to respond.

82. In answer to Paragraph 82 of the Second Amended Complaint, Defendant denies the allegations contained therein.

83. In answer to Paragraph 83 of the Second Amended Complaint, there are no charging allegations upon which to respond.

84. In answer to Paragraph 84 of the Second Amended Complaint, Defendant denies the allegations contained therein.

85. In answer to Paragraph 85 of the Second Amended Complaint, there are no charging allegations upon which to respond.

86. In answer to Paragraph 86 of the Second Amended Complaint, Defendant denies the allegations contained therein.

87. In answer to Paragraph 87 of the Second Amended Complaint, there are no charging allegations upon which to respond.

88. In answer to Paragraph 88 of the Second Amended Complaint, this is simply a quotation of a statute, and does not contain any charging allegations upon which to respond.

89. In answer to Paragraph 89 of the Second Amended Complaint, Defendant admits that on or about November 26, 2006, she reported seeing behavior which was of

concern to her to Target security personnel. Defendant further admits that she was later contacted by San Jose Police officers and asked to repeat the same concerns to them. Defendant denies the remaining allegations contained in Paragraph 89.

90. In answer to Paragraph 90 of the Second Amended Complaint, Defendant denies the allegations in the first sentence. Defendant admits reporting seeing Plaintiff exit the restroom with what appeared to be an erection and that he subsequently appeared nervous as he waited outside the restroom for the other occupant to exit. Defendant admits that Plaintiff appeared to guide the child away from the bathroom area. Defendant denies the remaining allegations contained in Paragraph 90.

91. In answer to Paragraph 91 of the Second Amended Complaint, Defendant denies the allegations contained therein.

92. In answer to Paragraph 92 of the Second Amended Complaint, Defendant denies the allegations contained therein.

93. In answer to Paragraph 93 of the Second Amended Complaint, Defendant denies the allegations contained therein.

94. In answer to Paragraph 94 of the Second Amended Complaint, Defendant denies the allegations contained therein.

95. In answer to Paragraph 95 of the Second Amended Complaint, Defendant denies the allegations contained therein.

96. In answer to Paragraph 96 of the Second Amended Complaint, there are no charging allegations upon which to respond.

97. In answer to Paragraph 97 of the Second Amended Complaint, Defendant denies the allegations contained therein.

**AFFIRMATIVE DEFENSES**

AS AND FOR A FIRST AFFIRMATIVE DEFENSE, the Second Amended Complaint fails to state a claim upon which relief can be granted.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE, Plaintiff was careless and negligent in and/or about the matters referred to in said Complaint, and further that the

Plaintiff failed to exercise ordinary or any care for Plaintiff's own safety and such carelessness and negligence on the part of Plaintiff proximately caused and contributed to the damage, detriment or injury sustained by Plaintif, if any, and that Plaintiff's recovery should therefore either be barred or reduced to the extent of Plaintiff's negligence.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE, any harm suffered was a result of a negligent or otherwise wrongful conduct of persons other than Defendant and that the conduct of the person other than Defendant was the sole and proximate cause of the injuries and damages alleged by Plaintiff.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, Defendant's communications were protected by the absolute privilege of Civil Code §47 and Hagberg v. California Federal Bank FSB (2004) 32 Cal.4th 350, because they were intended to instigate governmental and/or police investigation into wrongdoing.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, Defendant's communications were privileged by Penal Code §11172 because they were made with a good faith belief and concern as to their truth and were not made with reckless disregard of any alleged falsity in the communications.

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, the reports of which Plaintiff complains were made honestly, in good faith and not maliciously in that Defendant reported what her observations were and what she believed may have occurred.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, Defendant's actions were made in furtherance of her right of petition and/or free speech under the United States and/or California Constitutions and therefore Plaintiff's Second Amended Complaint is subject to a special motion to strike ("SLAPP") pursuant to C.C.P. §425.16, et seq.

WHEREFORE, Defendant prays as follows:

1. Dismissal of Plaintiff's Second Amended Complaint with prejudice;

2. Plaintiff takes nothing by reason of his Complaint;

3. Defendant be awarded costs of suit; and,

//

4. For such other and further relief as the Court deems appropriate.

Dated: June 27, 2008

RANKIN, LANDSNESS, LAHDE, SERVERIAN & STOCK

By: /s/ Jon A. Heaberlin
JON A. HEABERLIN
Attorneys for Defendant SAMANTHA FEIN

**REQUEST FOR JURY TRIAL**

Defendant SAMANTHA FEIN hereby requests a jury trial in this action.

Dated: June 27, 2008

RANKIN, LANDSNESS, LAHDE, SERVERIAN & STOCK

By: /s/ Jon A. Heaberlin
JON A. HEABERLIN
Attorneys for Defendant SAMANTHA FEIN