```
 1  Kim James, Esq. (SB# 103130)
    NELSON, PERLOV & LEE
 2  339 So. San Antonio Road
    Los Altos, CA 94022
 3  Telephone (650) 941-6161
    Facsimile  (650) 949-0695
 4
    Attorneys for Defendant
 5  WESTFIELD, LLC
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS VAN ZANDT,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF SAN JOSE, OFFICERS DANIEL PFEIFER, MARK NATIVIDAD, ANTHONY WEIR, and HIGGINS, individually and as the employees of the CITY OF SAN JOSE, TARGET STORES, INC., THE WESTFIELD GROUP, PROFESSIONAL SECURITY CONSULTANTS, and DOES 1-10, inclusive<br><br>    Defendants. | Case No. 5:07-CV-04987 JF<br><br>**ANSWER OF WESTFIELD, LLC TO SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FALSE ARREST, BATTERY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br><br><u>**JURY TRIAL DEMANDED**</u> |

In answer to the Second Amended Complaint on the file herein, Defendant WESTFIELD, LLC responds as follows:

1. States that Paragraphs 1-3 of the Second Amended Complaint contain only statements of law not requiring a response and respectfully refers the Court to the statutes cited therein for their terms.

/ / / /

1    2.  In answer to Paragraphs 4-11 of the Second Amended Complaint, this answering Defendant
2    states that it does not have sufficient information and belief to respond to said allegations and so
3    denies said allegations.

4    3.  In response to Paragraph 12 of the Second Amended Complaint, this answering Defendant
5    states that The Westfield Group is an internally managed, vertically integrated, shopping center group
6    with a global portfolio.  The Westfield Group is publicly traded on the Australian Stock Exchange
7    under the WDC symbol.  The Westfield Group is headquartered in Australia, with a United States
8    Headquarters in Los Angeles, California, and multiple locations throughout California.  WESTFIELD,
9    LLC is the managing agent for the ownership entity of Westfield Oakridge shopping center.  The
10   Westfield Group is not a legal entity.

11   4.  In response to Paragraph 13 of the Second Amended Complaint, this answering Defendant
12   admits that WESTFIELD, LLC is the managing agent for the ownership entity of Westfield Oakridge
13   shopping center (Oakridge Mall, LP).  Except as stated herein, this answering Defendant denies
14   knowledge or information sufficient to form a belief as to the truth of the remaining allegations and so
15   denies said allegations.

16   5.  In response to Paragraph 14 of the Second Amended Complaint, this answering Defendant
17   states that as of September 25, 2007, the website for the Oakridge Mall features the logo "Westfield
18   Oakridge," and that the website states: "Operating on a global platform, The Westfield Group is an
19   internally managed, vertically integrated shopping centre group."

20   6.  In response to Paragraph 15 of the Second Amended Complaint, this answering Defendant
21   admits that WESTFIELD, LLC is the managing agent for the ownership entity of Westfield Oakridge
22   Shopping Center (Oakridge Mall, LP), where the events complained of herein took place.  This
23   answering defendant denies that it is the owner of the Oakridge Mall.

24   7.  In response to Paragraph 16 of the Second Amended Complaint, this answering Defendant
25   denies each and every allegation contained therein.

8. In response to Paragraph 17 of the Second Amended Complaint, this answering Defendant denies that Defendant PROFESSIONAL SECURITY CONSULTANTS is an employee of WESTFIELD, LLC; admits that Defendant PROFESSIONAL SECURITY CONSULTANTS is an independent contractor for WESTFIELD, LLC providing services to WESTFIELD, LLC at the time and location of the incident complained of herein; admits that, based upon information and belief, the unknown mall security guard defendants were not employed by WESTFIELD, LLC, but rather were employed by PROFESSIONAL SECURITY CONSULTANTS.

9. In response to Paragraphs 18-19 of the Second Amended Complaint, this answering Defendant denies that Defendant RYAN SCOTT or Defendant DANIEL GARCIA were employed by WESTFIELD, LLC. Except as stated herein, Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations and so denies said allegations.

10. In response to Paragraph 20 of the Second Amended Complaint, this answering Defendant denies that the CITY and/or S.J.P.D. and/or TARGET, INC. and/or PROFESSIONAL SECURITY CONSULTANTS were employees of WESTFIELD, LLC, or acted with the knowledge, permission, ratification, and/or consent of WESTFIELD, LLC. Except as stated herein, defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations and so denies said allegations.

11. In response to Paragraphs 21-48 of the Second Amended Complaint, this answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations and so denies said allegations.

12. In response to Paragraph 49 of the Second Amended Complaint, this answering Defendant restates and reincorporates by reference its responses to Paragraphs 1-48 of the Second Amended Complaint.

/ / / /

/ / / /

13. In response to Paragraphs 50-52 of the Second Amended Complaint, this answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations and so denies said allegations.

14. In response to Paragraph 53 of the Second Amended Complaint, this answering Defendant restates and reincorporates by reference its responses to Paragraphs 1-48 of the Second Amended Complaint.

15. In response to Paragraphs 54-56 of the Second Amended Complaint, this answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations and so denies said allegations.

16. In response to Paragraph 57 of the Second Amended Complaint, this answering Defendant restates and reincorporates by reference its responses to Paragraphs 1-48 of the Second Amended Complaint.

17. In response to Paragraphs 58-60 of the Second Amended Complaint, this answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations and so denies said allegations.

18. In response to Paragraph 61 of the Second Amended Complaint, this answering Defendant restates and reincorporates by reference its responses to Paragraphs 1-48 of the First Amended Complaint.

19. In response to Paragraphs 62-67 of the Second Amended Complaint, this answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations and so denies said allegations.

20. In response to Paragraph 68 of the Second Amended Complaint, this answering Defendant restates and reincorporates by reference its responses to Paragraphs 1-48 of the Second Amended Complaint.

21. In response to Paragraphs 69-71 of the Second Amended Complaint, this answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations and so denies said allegations.

22. In response to Paragraph 72 of the Second Amended Complaint, this answering Defendant restates and reincorporates by reference its responses to Paragraphs 1-48 of the Second Amended Complaint.

23. In response to Paragraphs 73-75 of the Second Amended Complaint, this answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations and so denies said allegations.

24. In response to Paragraph 76 of the Second Amended Complaint, this answering Defendant restates and reincorporates by reference its responses to Paragraphs 1-48 of the Second Amended Complaint.

25. In response to Paragraphs 77-80 of the Second Amended Complaint, this answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations and so denies said allegations.

26. In response to Paragraph 81 of the Second Amended Complaint, this answering Defendant restates and reincorporates by reference its responses to Paragraphs 1-48 of the Second Amended Complaint.

27. In response to Paragraphs 82-84 of the Second Amended Complaint, this answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations and so denies said allegations.

28. In response to Paragraph 85 of the Second Amended Complaint, this answering Defendant restates and reincorporates by reference its responses to Paragraphs 1-48 of the Second Amended Complaint.

////

29. In response to Paragraph 86 of the Second Amended Complaint, this answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations and so denies said allegations.

30. In response to Paragraph 87 of the Second Amended Complaint, this answering Defendant restates and reincorporates by reference its responses to Paragraphs 1-48 of the Second Amended Complaint.

31. In response to Paragraph 88 of the Second Amended Complaint, this answering Defendant states that this paragraph contains only statements of law not requiring a response and refers the Court to the statute cited therein for their terms.

32. In response to paragraphs 89-97 of the Second Amended Complaint, this answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations and so denies said allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

33. As a separate, distinct and affirmative defense, WESTFIELD LLC alleges that the Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action or to set forth a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

34. As a separate, distinct and affirmative defense, WESTFIELD LLC alleges that this Court lacks subject matter jurisdiction

### THIRD AFFIRMATIVE DEFENSE

35. Answering Defendant alleges that the Plaintiff was negligent, reckless, and careless in and about the matters referred to in the Complaint, and that this negligence proximately and concurrently contributed to the events and the damages alleged, if any exist, and that such negligence, recklessness, or carelessness bars or reduces any recovery by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

36. Answering Defendant alleges that the damages alleged in the Plaintiff's Complaint, if any exist, were caused in whole or in part by the negligence, recklessness or carelessness of persons or entities other than this answering Defendant, and for which this answering Defendant is not responsible, and that if this answering Defendant is held liable for damages to Plaintiff, this answering Defendant is entitled to contribution from or indemnification by these other persons, entities or parties on a comparative negligence or false basis and/or to a limitation of their share of any damages according to the proportionate percentage of their liability.

## FIFTH AFFIRMATIVE DEFENSE

37. Answering Defendant alleges that the Plaintiff's claims are barred by the Doctrine of Unclean Hands.

## SIXTH AFFIRMATIVE DEFENSE

38. Answering Defendant alleges that the Plaintiff's Complaint herein and each and every cause of action contained therein is barred under the Doctrine of Laches.

## SEVENTH AFFIRMATIVE DEFENSE

39. Answering Defendant alleges that Plaintiff by his actions has waived any and all rights which he may have otherwise had to assert against this answering defendant.

## EIGHTH AFFIRMATIVE DEFENSE

40. Answering Defendant is informed and believes and thereon alleges that Plaintiff engaged in conduct and activities with respect to the subject of his Complaint, and by reason of these activities and conduct is estopped from asserting any claims for damages or seeking any other relief against this answering Defendant.

/ / / /

/ / / /

/ / / /

## NINTH AFFIRMATIVE DEFENSE

41. Answering Defendant alleges that any prayer by Plaintiff for exemplary or punitive damages is barred by law in that this answering Defendant's alleged actions did not rise to the requisite level of oppression, malice or fraud pursuant to California *Code of Civil Procedure* §3294.

## TENTH AFFIRMATIVE DEFENSE

42. Answering Defendant alleges that any and all acts alleged by Plaintiff to have been performed by or on behalf of Defendant were performed, if at all, in good faith, without malice, and were based upon legally sufficient justifications.

## ELEVENTH AFFIRMATIVE DEFENSE

43. Answering Defendant alleges that the alleged statements complained of in Plaintiff's Complaint were made without any feelings by Defendant of hatred or ill will for Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

44. Plaintiff, though under a duty to do so, has failed and neglected to mitigate his alleged damages and therefore cannot recover against this answering Defendant whether it is alleged or wise.

## THIRTEENTH AFFIRMATIVE DEFENSE

45. Answering Defendant is informed and believes and thereon alleges that the injuries and damages of which the Plaintiff complains were proximately caused by or contributed to by the acts of Plaintiff, another defendant, person and/or entities, and that these acts were an intervening and superseding cause of the injuries and damages, if any, of which the Plaintiff complains thus barring Plaintiff from any recovery against this answering Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

46. The conduct of this answering Defendant in regard to the matters alleged in the Plaintiff's Complaint was justified and by reason of the foregoing Plaintiff is barred from any recovery against this answering Defendant.

/ / / /

## FIFTEENTH AFFIRMATIVE DEFENSE

47. This answering Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have any additional, as yet unstated, affirmative defenses available.

## SIXTEENTH AFFIRMATIVE DEFENSE

48. Answering Defendant reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

## SEVENTEENTH AFFIRMATIVE DEFENSE

49. Plaintiff's claim for punitive damages is invalid in that no officer, director or managing agent of Defendant's corporation had advance knowledge of the acts complained of, nor did any such person act with conscious disregard for the safety of Plaintiff, nor authorize, ratify or otherwise approve said conduct alleged in the Complaint as intentional, extreme, or outrageous beyond what is tolerable in a civilized society.

## EIGHTEENTH AFFIRMATIVE DEFENSE

50. Answering Defendant alleges that its actions towards Plaintiff were lawful and justified under the facts of the case.

**WHEREFORE**, answering Defendant prays:

1. That Plaintiff take nothing by his Second Amended Complaint;
2. That Plaintiff's Second Amended Complaint be dismissed with prejudice;
3. That Defendant be awarded its costs of suit, including attorney's fees incurred herein; and
4. For such other and further relief as the Court deems proper.

## JURY TRIAL DEMAND

This answering Defendant hereby demands a jury trial.

Dated: June 30, 2008

**NELSON, PERLOV & LEE**

By: /s/ Kim James
**KIM JAMES**
*Attorneys for Defendant* WESTFIELD, LLC

*Thomas Van Zandt vs. Westfield Oakridge Mall*
**United State District Court Action No. 5:07-CV-04987-JF**

1  I declare that:

2  I am employed in the County of Santa Clara, California. I am over the age of eighteen years and not a party to the within cause; my business address is: 339 South San Antonio Road, Los Altos, California 94022. On the date listed below, I served the within **ANSWER OF WESTFIELD, LLC TO SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FALSE ARREST, BATTERY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; JURY TRIAL DEMANDED** on the parties in said cause,

- By ECF/Pacer efiling;
- By facsimile transmission during regular business hours to the telephone number[s] below.
- By PERSONAL SERVICE at the address listed below.
- By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Altos, addressed as follows:

| *Attorneys For:* **plaintiff THOMAS VAN ZANDT** | *Attorneys for:* **CITY OF SAN JOSE; OFFICER DANIEL PFEIFER, OFFICER MARK NATIVIDAD, OFFICER ANTHONY WEIR AND OFFICER HIGGINS** |
|---|---|
| Robert R. Powell, Esq.<br>Offices of R. Powell<br>925 W. Hedding Street<br>San Jose, CA 95126<br>(408) 553 0200 fax (408) 553 0203<br>rpowell@rrpassociates.com | Richard Doyle, Esq., City Attorney<br>Nora Frimann, Esq., Chief Trial Attorney<br>Michael R. Groves, Esq., Sr. Deputy City Attorney<br>Steven Dippell, Esq., Sr. Deputy City Attorney<br>Office of the City Attorney<br>200 East Santa Clara Street<br>San Jose, CA 95113-1905<br>(408) 535-1900 fax (408) 998-3131<br>Cao.main@sanjoseca.gov |

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 30, 2008, at Los Altos, California.

___**RANDE A. HARRIS**___          ___/s/ R. Harris___
(name)                               (signature)

-PROOF OF SERVICE-