1  Kenneth S. Kawabata, Esq., SBN 149391
   **MANNING & MARDER**
2  **KASS, ELLROD, RAMIREZ LLP**
   550 West "C" Street, Suite 1900
3  San Diego, CA 92101
   Telephone: (619) 515-0269
4  Facsimile: (619) 515-0268

5  Sejal Ojha, Esq., SBN 226778
   **MANNING & MARDER**
6  **KASS, ELLROD, RAMIREZ LLP**
   One California Street, Suite 1100
7  San Francisco, CA 94111
   Telephone:  (415) 217-6990
8  Facsimile:  (415) 217-6999

9  Attorneys for Defendants,
   PROFESSIONAL SECURITY CONSULTANTS;
10 DANIEL GARCIA; and RYAN SCOTT

11
                    UNITED STATES DISTRICT COURT
12
        NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION
13

| THOMAS VAN ZANDT, | Case No.: 5:07-CV-04987-JF |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANTS, PROFESSIONAL SECURITY CONSULTANTS, DANIEL GARCIA, AND RYAN SCOTT'S ANSWER TO SECOND AMENDED COMPLAINT** |
| CITY OF SAN JOSE, DANIEL PFEIFER, MARK NATIVIDAD, ANTHONY WEIR, OFFICER HIGGINS, Individually and as Employees of the CITY OF SAN JOSE, TARGET STORES, INC., WESTFIELD LLC., PROFESSIONAL SECURITY CONSULTANTS, and Does 1-10, Inclusive, | |
| Defendants. | |

Defendants, PROFESSIONAL SECURITY CONSULTANTS (hereinafter "PSC"), DANIEL GARCIA (hereinafter "GARCIA") and RYAN SCOTT (hereinafter "SCOTT") (Collectively referred to as "DEFENDANTS") hereby admit, deny and allege the following in response to being named as defendants in counts 4, 5, 7,8 and 9 only of Plaintiffs' Complaint as follows:

///

///

-1-
D:\docsdata\sxo\Van Zandt v. City of San Jose\Pleadings\Answer2ndAmended.wpd
DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

## I. JURISDICTION

1. Answering paragraph 1-3, DEFENDANTS lack sufficient information and belief to admit or deny the allegations contained in paragraph number 1-3, and based upon said lack of information or belief, deny each and every allegation contained therein.

## II. PARTIES

2. Answering paragraph 4-16, DEFENDANTS lack sufficient information and belief to admit or deny the allegations contained in paragraph number 4-16, and based upon said lack of information or belief, deny each and every allegation contained therein.

3. Answering paragraph 17, PSC admits to being an employee and/or independent contractor for/with Westfield, LLC., providing security services to Westfield, LLC., at the time and location of the incidents complained herein. PSC admits that the security guard defendants were not employed by Westfield, LLC., but were employed by PSC.

4. Answering paragraph 18 PSC admits that Defendant SCOTT, is an individual, who at all relevant times, was a security guard employed by PSC.

5. Answering paragraph 19 PSC admits that Defendant GARCIA, is an individual, who at all relevant times, was a security guard employed by PSC.

6 Answering paragraph 20-22, DEFENDANTS lack sufficient information and belief to admit or deny the allegations contained in paragraph number 20 - 22, and based upon said lack of information or belief, deny each and every allegation contained therein.

## III. FACTUAL ALLEGATIONS

7 Answering paragraph 23- 27, DEFENDANTS lack sufficient information and belief to admit or deny the allegations contained in paragraph number 23 - 27, and based upon said lack of information or belief, deny each and every allegation contained therein.

8. Answering paragraph 28, DEFENDANTS admit that SCOTT and GARCIA approached the van and that GARCIA did not appear to be in uniform, but deny each and every remaining allegations contained in paragraph 28.

///

///

9. Answering paragraph 29, DEFENDANTS deny that SCOTT or GARCIA grabbed and yanked VAN ZANDT'S arm, but lack sufficient information and belief to respond to the remainder of the allegations in paragraph 29, and based upon said lack of information or belief, deny each and every remaining allegation contained therein.

10. Answering paragraph 30- 31, DEFENDANTS lack sufficient information and belief to admit or deny the allegations contained in paragraph number 30 - 31, and based upon said lack of information or belief, deny each and every allegation contained therein.

11. Answering paragraph 32, DEFENDANTS admit that SCOTT and GARCIA identified themselves; SCOTT and GARCIA told VAN ZANDT that police had been notified and were en route; and SCOTT and GARCIA positioned themselves on either side of Van Zandt, but but deny each and every remaining allegations contained in paragraph 32.

12. Answering paragraph 33, DEFENDANTS admit that VAN ZANDT notified the police, but deny each and every remaining allegations contained in paragraph 33.

13. Answering paragraph 34 - 35, DEFENDANTS deny each and every allegations contained therein.

14. Answering paragraph 36, DEFENDANTS admit that upon arriving on the scene the police officers spoke initially with the security guards for some period of time before speaking to VAN ZANDT, but lack sufficient information and belief to admit or deny the remaining allegations contained in paragraph number 35, and based upon said lack of information or belief, deny each and every remaining allegations contained therein.

15. Answering paragraph 37, DEFENDANTS deny that SCOTT and GARCIA had refused to allow VAN ZANDT to get his children, but lack sufficient information and belief to admit or deny the remaining allegations contained in paragraph number 37, and based upon said lack of information or belief, deny each and every remaining allegations contained therein.

16. Answering paragraph 38 - 43, DEFENDANTS lack sufficient information and belief to admit or deny the allegations contained in paragraph numbers 38 - 43, and based upon said lack of information or belief, deny each and every allegations contained therein.

///

## IV. DAMAGES

17. Answering paragraph 44- 48, DEFENDANT deny each and every allegation contained in paragraph numbers 44 - 48.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983 - ARREST)**

[VAN ZANDT Against PFEIFER, WEIR, NATIVIDAD, HIGGINS]

18. Answering paragraph 49, DEFENDANTS hereby incorporate its answers to paragraphs 1 through 48, inclusive, as though fully set forth herein.

19. Answering paragraph 50- 52, DEFENDANTS lack sufficient information and belief to admit or deny the allegations contained in paragraph number 50 - 52, and based upon said lack of information or belief, deny each and every allegation contained therein.

### SECOND CAUSE OF ACTION

**VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983 - SEARCH OF PERSON)**

[VAN ZANDT Against PFEIFER, WEIR, NATIVIDAD, HIGGINS]

20. Answering paragraph 53, DEFENDANTS hereby incorporate its answers to paragraphs 1 through 52, inclusive, as though fully set forth herein.

21. Answering paragraph 54- 56, DEFENDANTS lacks sufficient information and belief to admit or deny the allegations contained in paragraph number 54 - 56, and based upon said lack of information or belief, deny each and every allegation contained therein.

### THIRD CAUSE OF ACTION

**VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983 - SEARCH OF VEHICLE)**

[VAN ZANDT Against PFEIFER, WEIR, NATIVIDAD, HIGGINS]

22. Answering paragraph 57, DEFENDANTS hereby incorporates its answers to paragraphs 1 through 56, inclusive, as though fully set forth herein.

23. Answering paragraph 58- 60, DEFENDANTS lacks sufficient information and belief to admit or deny the allegations contained in paragraph number 58 - 60, and based upon said lack of information or belief, deny each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS (C.C. 52.1 Banes Civil Rights Act)

[VAN ZANDT Against PFEIFER, WEIR, NATIVIDAD, HIGGINS, SCOTT and GARCIA]

24. Answering paragraph 61, DEFENDANTS hereby incorporates its answers to paragraphs 1 through 60, inclusive, as though fully set forth herein.

25. Answering paragraph 62-67, DEFENDANTS deny the allegations contained in paragraph numbers 62 - 67.

## FIFTH CAUSE OF ACTION

## BATTERY

[VAN ZANDT Against SCOTT and GARCIA]

26. Answering paragraph 68, DEFENDANTS hereby incorporates its answers to paragraphs 1 through 67, inclusive, as though fully set forth herein.

27. Answering paragraph 69-71, DEFENDANTS deny the allegations contained in paragraph numbers 69 - 71.

## SIXTH CAUSE OF ACTION

## BATTERY

[VAN ZANDT Against PFEIFER, WEIR, NATIVIDAD, HIGGINS]

28. Answering paragraph 72, DEFENDANTS hereby incorporates its answers to paragraphs 1 through 71, inclusive, as though fully set forth herein.

29. Answering paragraph 73-75, DEFENDANTS lacks sufficient information and belief to admit or deny the allegations contained in paragraph number 73 - 75, and based upon said lack of information or belief, deny each and every allegation contained therein.

## SEVENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

[Plaintiff Against All Defendants]

30. Answering paragraph 76, DEFENDANTS hereby incorporates its answers to paragraphs 1 through 75, inclusive, as though fully set forth herein.

///

31. Answering paragraph 77- 80, DEFENDANTS deny the allegations contained in paragraph numbers 77 - 80.

## EIGHTH CAUSE OF ACTION

## FALSE ARREST / IMPRISONMENT

[Plaintiff Against All Defendants]

32. Answering paragraph 81, DEFENDANTS hereby incorporates its answers to paragraphs 1 through 80, inclusive, as though fully set forth herein.

33. Answering paragraph 82-84, DEFENDANTS deny the allegations contained in paragraph numbers 82 - 84.

## NINTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

[Plaintiff Against All Defendants]

34. Answering paragraph 85, DEFENDANTS hereby incorporates its answers to paragraphs 1 through 79, inclusive, as though fully set forth herein.

35. Answering paragraph 86, DEFENDANTS deny the allegations contained in paragraph numbers 86.

## TENTH CAUSE OF ACTION

## VIOLATION OF STATUTE

[Plaintiff Against FEIN]

36. Answering paragraph 87, DEFENDANTS hereby incorporates its answers to paragraphs 1 through 86, inclusive, as though fully set forth herein.

37. Answering paragraph 88 - 97, DEFENDANTS lacks sufficient information and belief to admit or deny the allegations contained in paragraph number 88 - 97, and based upon said lack of information or belief, deny each and every allegation contained therein.

## PRAYER FOR RELIEF

38. In response to Plaintiff's Prayer for Relief, Answering Defendant admit that Plaintiff seeks the requested relief, but deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

1. As a separate, distinct, and affirmative defense, PSC allege that the complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action or to set forth a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. As a separate, distinct, and affirmative defense, PSC allege that this Court lacks subject matter jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

3. Answering Defendants allege that the Plaintiff was negligent, reckless, and careless in and about the matters referred to in the Complaint, and that this negligence approximately and concurrently contributed to the events and the damages alleged, if any exist, and that such negligence, recklessness, or carelessness bars or reduces any recovery by each Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

4. Answering Defendants allege that the damages alleged in the Plaintiff's Complaint, if any exists, were caused in whole or in part by the negligence, recklessness, or carelessness of persons or entities other than this answering Defendant, and for which this answering Defendant is not responsible, and that if this answering Defendant is held liable for damages to Plaintiffs, this answering Defendant is entitled to contribution from or indemnification by these other persons, entities or parties on a comparative negligence or false basis and/or to a limitation of their share of any damages according to the proportionate percentage of their liability.

### FIFTH AFFIRMATIVE DEFENSE

5. Answering Defendants allege that if Plaintiff sustained damages, that he received his alleged damages and injuries solely because of a risk voluntarily assumed by Plaintiff when the danger of said risk was known or should have been known by him.

### SIXTH AFFIRMATIVE DEFENSE

6. Answering Defendants allege that the Plaintiff's claims are barred by the Doctrine of Unclean Hands.

///

## SEVENTH AFFIRMATIVE DEFENSE

7. The Plaintiff's Complaint herein and each and every cause of action contained therein is barred under the Doctrine of Laches.

## EIGHTH AFFIRMATIVE DEFENSE

8. By his actions, Plaintiff waived any and all rights which he may have otherwise had to assert against this answering Defendant.

## NINTH AFFIRMATIVE DEFENSE

9. Answering Defendants are informed and believe, and thereon allege, that Plaintiff engaged in conduct and activities with respect to the subject of his Complaint, and by reason of these activities and conduct, is estopped from asserting any claims for damages or seeking any other relief against this answering Defendant.

## TENTH AFFIRMATIVE DEFENSE

10. Answering Defendants allege that any prayer by Plaintiff for exemplary or punitive damages as barred by law in that this answering Defendant's alleged actions did not rise to the requisite level of oppression, malice, or fraud pursuant to California Code of Civil Procedure § 3294.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Answering Defendants allege that any and all acts alleged by Plaintiff to have been performed by or on behalf of Defendants were performed, if at all, in good faith, without malice, and were based upon legally sufficient justifications.

## TWELFTH AFFIRMATIVE DEFENSE

12. Answering Defendants allege that the alleged statements complained of in Plaintiff's Complaint were made without any feelings by Defendant of hatred or ill will for Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff, though under a duty to do so, has failed and neglected to mitigate his alleged damages and, therefore, cannot recover against this answering Defendant, whether it is alleged or wise.

///

///

///

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Answering Defendants are informed and believe, and thereon allege, that the injuries and damages of which the Plaintiff complains are approximately caused by or contributed to by the acts of Plaintiff, another Defendant, person, and/or other entities, and that these acts were an intervening and superseding cause of the injuries and damages, if any, of which the Plaintiff complains, this barring Plaintiff from any recovery against this answering Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. The conduct of this answering Defendant in regard to the matters alleged in the Plaintiff's Complaint was justified and, by reason of the foregoing, Plaintiff is barred from any recovery against this answering Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Answering Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have any additional, as yet unstated, affirmative defenses available.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Answering Defendants reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. The Complaint, and each purported cause of action contained therein, is barred in whole or in part, because Professional Security Consultants had an honest, reasonable, good faith belief in the facts on which they base their acts, omissions, and conduct in respect to Plaintiff, if any, and all acts were undertaken for legitimate business reasons.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiffs claim for punitive damages is invalid and that no officer, director, or managing agent of Defendant's corporation had advanced knowledge of the acts complained of, nor did any such person act with conscience disregard for the safety of Plaintiff, nor authorize, ratify, or otherwise approve said conduct alleged in the Complaint as intentional, extreme, outrageous beyond what is tolerable in a civilized society.

///

**TWENTIETH AFFIRMATIVE DEFENSE**

20. In doing the acts complained of by Plaintiff, Defendants acted in self-defense and Defendants used no more force than reasonably necessary to prevent impending injury to Defendant.

WHEREFORE, answering Defendant prays:

1. That Plaintiff take nothing by his First Amended Complaint;

2. That Plaintiff's First Amended Complaint be dismissed with prejudice;

3. That Defendant be awarded be awarded its costs of suit, including attorney's fees incurred herein; and

4. For such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Defendants hereby demands trial of this matter by jury

Dated: July 2, 2008

MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP

By: _____
Sejal Ojha
Attorneys for Defendants,
PROFESSIONAL SECURITY CONSULTANTS;
DANIEL GARCIA; and RYAN SCOTT

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is One California Street, Suite 1100, San Francisco, CA 94111.

On the date stated below, I served the document described as **DEFENDANTS ANSWER TO SECOND AMENDED COMPLAINT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **(BY MAIL)** I caused such envelope to be deposited in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

I placed such envelope with postage thereon prepaid in the United States mail at San Francisco, California.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT COURIER):** I placed the above-referenced document(s) in an envelope for collection and delivery on this date in accordance with standard _____ overnight delivery procedures.

☐ **(BY FACSIMILE)** I telecopied such document to the offices of the addressee at the following fax number: .

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 2, 2008 at San Francisco, California.

_____
Lisette C. Estevez

-11-
D:\docsdata\sxo\Van Zandt v. City of San Jose\Pleadings\Answer2ndAmended.wpd

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

# SERVICE LIST

## Thomas Van Zandt v. City of San Jose, et al.
### United States District Court - Northern District No. 5:07-CV-04987-JF

| | |
|---|---|
| Robert R. Powell, Esq.<br>Dennis R. Ingols, Esq.<br>Law Offices of Robert R. Powell<br>925 West Hedding Street<br>San Jose, CA 95126<br>Tel. 408-553-0200<br>Fax. 408-553-0203<br>E-mail: dingols@rrpassociates.com<br>E-mail: rpowell@rrpassociates.com | Attorneys for Plaintiff,<br>THOMAS VAN ZANDT |
| Michael R. Groves, Esq.<br>San Jose City Attorney's Office<br>200 East Santa Clara Street<br>San Jose, CA 95113-1905<br>Tel. 408-535-1900<br>Fax. 408-998-3131<br>E-mail: cao.main@ci.sj.ca.us | Attorneys for, CITY OF SAN JOSE; OFFICER PFEIFER; OFFICER NATIVIDAD; OFFICER WEIR; OFFICER HIGGINS |
| Kim James, Esq.<br>Nelson, Perlov & Lee<br>339 So. San Antonio Road<br>Los Altos, CA 94022<br>Tel. 650-941-6161<br>Fax. 650-949-0695<br>E-mail: kjames@npllaw.com | Attorneys for, WESTFIELD, LLC. |
| David J. Stock<br>Jon A. Heaberlin<br>Rankin, Landsness, Lahde, Serverian & Stock<br>96 No. Third Street, Suite 500<br>San Jose, CA 95112<br>Tel. 408-293-0463<br>Fax. 408-293-9514<br>E-mail: dstock@rllss.com and<br>        slawrence@rllss.com<br>E-mail: jheaberlin@rllss.com | Attorneys for, SAMANTHA FEIN |